Prairie County v. Matthews.

---

## PRAIRIE COUNTY v. MATTHEWS.

1. TAXES: *Appeals from board of equalization.   Construction of statute.* All that is necessary for a "party" to "appeal" to the county court from the action of the county board of equalization of taxes is to apply to the court for the correction of its errors.   The words "party" and "appeal" are not used in the statute in their technical sense.   The board is not a court; it has no parties before it, can render no judgment nor grant any appeal.

APPEAL from *Prairie* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*J. E. Gatewood*, for appellant.

*First*—No appeal was taken from the board of equalization to the county court. *Act March 31, 1883, sec. 80.* The board is in some sense a court, with its jurisdiction limited to the matters specified in the act creating it, and the county clerk keeps a *record* of its proceedings. *Sec. 83.* If any appeal is taken, as the act does not provide the manner, etc., the usual method by motion, affidavit, etc., must be followed. No appeal having been taken, the county court had no jurisdiction.

*Second*—The county court had no jurisdiction to grant an appeal, not being a court of appellate jurisdiction. The appeal should have been taken before the board. *Sec. 5687, Mansfield's Digest.*

*Third*—The act providing for equalization boards is constitutional. *28 Ark., 270; 30 ib., 665; art. 2, sec. 23; art. 16, sec. 5, Const.* The legislature having clothed the boards with the power of determining and equalizing the values of property, the county court, treating the application as an original petition to said court, had no original jurisdiction to grant the relief. The action of the board is final unless appealed from under section 80.

*C. E. Warner*, for appellee.

The board of equalization is not a court at all; it has no power to hear and determine causes, to adjudicate the rights of parties, or try an issue of law or fact. Their functions are purely ministerial, and are not conclusive. The act does not prescribe when or how an "appeal" shall be taken, nor by whom granted, and the reasonable construction is that the legislature simply meant that the person aggrieved might *apply* to the county court for relief. *Secs. 80, 82.* Appellant was not a *party* to the proceeding, nor

brought before the board, and he was in no way bound by its action. *Sec. 5201, Mansfield's Digest.*

*Section 35, page 935, Gould's Digest,* provided that the owner of land might *appeal from* the assessment returned by the assessor, etc., and under this act it was held that the land-owner might apply directly to the county court to review the action of the assessor. *17 Ark., 416.*

County courts are vested with *exclusive original jurisdiction* in all matters pertaining to the assessment for taxation, levy and collection of taxes, etc. *Art. 7, sec. 28.*

SMITH, J. Matthews applied by petition to the county court to reduce the assessment of his lands. He represented that he had given in for assessment fifty-nine tracts, within the time and in the manner prescribed by law, and the assessor had valued them; but the board of equalization had, arbitrarily and without any evidence, raised such valuations to the extent of $5,325; that this action was taken in his absence and without notice to him, but as soon as he learned what had been done he went before the board and unsuccessfully endeavored to induce it to reconsider its action. But the county court, finding that the petitioner had not asked for nor obtained the allowance of an appeal from the board, refused to entertain his petition or take jurisdiction of the matter.

Matthews appealed to the circuit court and was there confronted with a motion to dismiss his appeal, upon two grounds : *First*—The appeal should have been taken from and before the equalization board, the county court being powerless to grant an appeal from the board to itself; and, *Second*—The county court has no appellate jurisdiction under any circumstances. But the circuit court denied the motion and proceeded to give Matthews such relief as, in its opinion, the proofs showed he was entitled to.

25–46

Prairie County v. Matthews.

TAXES: The only question raised by the present appeal is one
Appeals from equa- of jurisdiction.
lization board. Sec. 5687, *Mansfield's Digest*, after creating a board for
the equalization of taxable values in each county, provides
that any party aggrieved by any action of the board may
appeal therefrom to the county court. It is not prescribed
when nor how the appeal is to be prayed, nor by whom,
nor upon what conditions it is to be granted.

Our opinion is that, in this provision, the legislature did
not use the terms "party" and "appeal" in their technical
legal sense of party to a suit, and the removal of a cause
from an inferior to a superior court for review; but in their
popular signification of "person" in the one case, and
"invoke the aid of" in the other. This is the only con-
struction upon which the provision can stand. For ap-
peals only lie from one court to another; never from an
executive officer to a court. By our constitution the
powers of government are distributed among three dis-
tinct departments, each confided to a separate body of
magistracy. And no person, or set of persons, of one of
these departments, can exercise any power belonging to
either of the others, except in certain instances, for which
special provision is made, not necessary to be here enumer-
ated. Now, the functions of the board of equalization are
ministerial. Its members are assessors and valuers of
property. None of the judicial power of the state is
vested in them, either individually or collectively. Their
power is limited to raising and reducing the valuation of
property which the assessor has returned on his list. This
is not a judicial proceeding. The conclusion reached by
them is not the determination of a court. The board is
not a court in any sense. No causes are pending before it
for adjudication. Parties are not brought in by any sort
of process. No judgment is rendered, and no means of

enforcing any judgment are provided. Hence no appeal, strictly speaking, can be taken or authorized from its decision to the county court, or to any other court, because it is not a judicial tribunal competent to pass upon any case. *Constitution of 1874, sec. 4, and art. 7, sec. 1; Dunn v. State, 2 Ark., 230; Allen, ex parte, 26 ib., 9; Logan Branch Bank, ex parte, 1 Ohio St., 432.*

The revenue act of January 1, 1853, sections 3 and 4 (*Gould's Dig., ch. 148, secs. 35 and 36*), enacted that any person who might think himself aggrieved by the assessment of his property might appeal to the county court and have the assessment corrected, if found incorrect; the appeal to be in writing, to state specially the grounds of appeal and the thing complained of, and no other matter to be considered by the court.

In *Redd v. St. Francis County, 17 Ark., 416,* a land-owner filed his petition in the county court to reduce and correct the assessment of his lands. And it was held the court had jurisdiction to grant the relief prayed for.

There is nothing in *Randle v. Williams, 18 Ark., 380,* to conflict with this view. For, although it is said that if the assessment and levy of taxes upon the property of an individual be excessive, the appropriate remedy is by appeal to the county court; yet " appeal " must be read as equivalent to application, as construed in the previous case of *Redd v. St. Francis County.*

No point is made as to the constitutionality of the act in creating boards of equalization. As was said by this court in *Van De Griff v. Haynie, 28 Ark., 270,* where the constitutionality of an act establishing a state board of equalization was challenged, the legislature has general power over the subject of taxation, and may select its agencies for determining and fixing taxable values. And this decision was adhered to in *Edrington v. Matthews, 30 Ark., 665.*

Affirmed.