CLAY COUNTY *v.* BROWN LUMBER COMPANY.

Opinion delivered May 10, 1909.

1. TAXATION — POWER OF LEGISLATURE.—The Legislature has plenary power to prescribe the manner in which property shall be assessed and its valuation fixed for the purposes of taxation. (Page 416.)

2. TAXATION—REMEDY FOR OVERVALUATION.—Under Kirby's Digest, § 6998, providing that where the valuation of property has been raised by the county board of equalization the board shall give notice to the owner of such property that he may appear at the next term of the county court and show cause why the valuation should not have been raised, *held*, that the taxpayer must pursue the remedy provided for his relief or abide by the finding of the board. (Page 416.)

3. SAME—JURISDICTION OF BOARD OF EQUALIZATION.—The jurisdiction of the county board of equalization to raise the assessor's valuation of property is not dependent upon their giving the owner of the property notice of such raise, as required by Kirby's Digest, § 6998. (Page 418.)

4 SAME—REVIEW OF ASSESSMENT—TIME OF HEARING.—Kirby's Digest, § 6998, providing that a taxpayer aggrieved by the valuation placed on his real property by the county board of equalization may apply at the next term of the county court for relief, contemplates that such application must be made to the county court at the term of the county court beginning on the first Monday in October next following the session of the board of equalization, though the hearing may be continued to some convenient time. (Page 419.)

5. SAME—REFUNDING TAXES.—An excessive valuation of property by a county board of equalization is not an erroneous assessment thereof within the meaning of Kirby's Digest, § 7180, providing for the refunding of taxes erroneously assessed and paid. (Page 420.)

Apeal from Clay Circuit Court, Eastern District; *Frank Smith*, Judge; reversed.

*Hal L. Norwood*, Attorney General, *C. A. Cunningham*, Assistant, for appellant; *Hunter & Castleberry*, of counsel.

1. A failure to give notice to the property owner of a raise in his assessment by the board of equalization, or a failure to receive such notice, does not affect the validity of the assessment. Kirby's Digest, § § 6992, 6998.

2. Section 7180, Kirby's Digest, has no reference to applications for relief from action of the equalization board. This relief is provided for in § 6998. The board can only *equalize* assessments. 64 Ark. 436. . A raise by the board is not an erroneous assessment. Kirby's Digest, § 7180.

3. The county court had no power to grant the relief. Acts March 31, 1883; Acts March 28, 1887; 49 Ark. 533.

*Spence & Dudley*, for appellee.

1. Appellee was not barred by failure to apply to the county court at the October term next after the action of the board of equalization. This was simply a petition to refund taxes erroneously paid on an excessive assessment. The word "party" and "appeal" are not used in their technical sense. 46 Ark. 383; Kirby's Digest, ch. 137, and § § 7114, 7180. A tax assessment

is merely a valuation of the property taxed.   1 Word & Phrases, 552; 64 Ark. 436.

2.   Appellee was not barred by the failure to apply or "appeal" to the county court at the ensuing October term.   49 Ark. 534; Kirby's Digest, § 6998; 84 Ark. 347.

FRAUENTHAL, J.   On July 10, 1908, the Brown Lumber Company applied by petition to the county court of Clay County for an order refunding to it certain taxes which it alleged had been erroneously paid by it on certain real estate owned by it and situated in the town of Rector in said county, and which it claimed had been erroneously and excessively assessed for the year of 1907.   The county court denied said petition, and an appeal was duly taken by the petitioner to the circuit court.   Upon the trial of the matter in that court the evidence tended to prove that the appellee was the owner of lot "O" in said town of Rector, and that for the year of 1907 the assessor of said county assessed said lot at $2,000; that the board of equalization of said county at its meeting duly and regularly held in September, 1907, raised the valuation and assessment of said lot "O" to $5,000.   The county clerk of said county testified that within the time prescribed by law and prior to the first Monday of October, 1907, notice of said increase of the valuation of said lot was given by postal card through the mails and directed to appellee at its domicil at Paragould, Arkansas.   The secretary and treasurer of appellee company testified that no notice of the increase of valuation by the board of equalization was received by the appellee.   The evidence tended to prove that $2,000 was a reasonably fair, and that $5,000 was an excessive, valuation of said lot.   The circuit court, after setting out substantially the above findings, entered further the following finding and judgment:

"The court further finds that it is immaterial as to whether plaintiff was notified by said board of the raise placed upon said lot or not.   The court further finds that the petitioner filed its petition in the county court at the July, 1908, term thereof, and which was the first term of said court held after petitioner became aware of said raise by said board, to refund to it the following excessive and erroneous taxes, to-wit:   State taxes, $20.25; school taxes, $21.00; county taxes, $15.00; road taxes, $9.00; city taxes, Rector, $15.00.   Total $80.25.   The court fur-

ther finds that any person who has paid taxes erroneously, as
hereinbefore referred to, upon satisfactory proof being given,
is entitled to have an order refunding to such person such taxes.
so erroneously assessed and paid. The court further finds that
plaintiff was not barred from obtaining the relief herein sought
by not appearing at the October term of the county court, and
would only be barred by lapse of time granted for appeal, as in
all other cases appealed from the county; and which time, the
court finds in this case, had not expired at the time the appeal
was taken herein."

From the judgment thus rendered in favor of appellee,
Clay County prosecutes this appeal to this court.

It thus appears that the only ground upon which the ap-
pellee seeks to have these taxes refunded to it is that an over-
valuation or excessive assessment was placed on said lot by the
board of equalization; and therefore this, in effect, is a proceed-
ing to obtain a reduction of that valuation or assessment. The
proceeding is founded on section 7180 of Kirby's Digest, which
provides: "In case any person has paid or may hereafter pay
taxes on any property, real or personal, erroneously assessed,
upon satisfactory proof being adduced to the county court of the
fact, the said court shall make an order refunding to such per-
son the amount of the county tax so erroneously assessed and
paid;" and this section also makes provision relative to the refund-
ing of the State tax.

In order to determine the object and effect of this section,
it is necessary to consider when and where under our assessment
laws an application must be made for a reduction of an alleged
overvaluation or excessive assessment of real estate. The Legis-
lature has plenary power to prescribe the manner in which prop-
erty shall be assessed and its valuation fixed for the purposes of
taxation. Article 16, sec. 5, of the Constitution of 1874 pro-
vides: "All property subject to taxation shall be taxed accord-
ing to its value, that value to be ascertained in such manner as
the General Assembly shall direct, making the same equal and
uniform throughout the State."

It is common knowledge that one of the most difficult and
perplexing undertakings of government is to fix an equal and
uniform valuation on property throughout the State. Intelli-

gent men differ as to the value of the most common objects before them; and the most that can be expected from legislation is an approximation to this end of equality, uniformity and fairness of valuation. The jurisdiction to fix this valuation is by legislation ordinarily placed with some officer or board; and boards or courts of revision are sometimes established. But the entire proceedings are statutory, and the statutory remedies provided to a party aggrieved by an overvaluation made within the jurisdiction of the particular officer or board must be pursued. As is said in the case of *Stanley* v. *Supervisors of Albany,* 121 U. S. 535: "A party who feels himself aggrieved by overvaluation of his property for purposes of taxation and does not resort to the tribunal created by the State for correction of errors in assessment cannot maintain an action at law to recover the excess of taxes paid beyond what should have been levied on a just valuation."

When legislation, in accomplishing the necessities of govenment, makes provision that certain officers or boards shall fix the assessment of property, it does not violate the right of due process of law. Now, while ordinarily appeal is granted from such officers or board to some court or board of revision, yet, when such boards of equalization are properly constituted, there is no appeal from their decision in simple matters of judgment or opinion as to value unless appeal is specifically provided for by statute. 2 Cooley on Taxation, p. 1380; Welty on Law of Assessments, § 158; 21 Enc. Plead & Practice, 439; 1 Desty on Taxation, 605.

And when a mode, in the nature of an appeal, is prescribed by the statute, a failure to invoke the statutory remedy within the time and manner prescribed precludes relief by any other proceedings. 27 Am. & Eng. Ency. Law (2d Ed.) 726; *Wells Fargo & Company's Express* v. *Crawford County,* 63 Ark. 576.

As is said in the case of *Board of Equalization Cases,* 49 Ark. 518 (533): "The taxpayer must pursue the remedy provided for his relief or abide by the finding of the board." *Randle* v. *Williams,* 18 Ark. 380. This rule applies to all cases of excessive valuation where the assessing officer or board acts within its jurisdiction. On the other hand, where the defects or errors are jurisdictional, rendering the assessment invalid, the party ag-

grieved has the right to invoke judicial remedies against the illegal acts of such officer or board.

Under our assessment laws, the assessor places the value on each tract or lot of land (Kirby's Digest, § 6976); the returns of the real property thus made by the assessor are laid before the board of equalization, which has the power to raise the valuation thereof. (Kirby's Digest, § 7007.) By this section it is prescribed that the board of equalization shall meet on the second Monday in September for the performance of its duties; and the place is also fixed. So that by statute notice is given to all parties of the time and place of the meeting of this board. Section 6998, Kirby's Digest, provides that in every instance where the board of equalization raises the valuation of any property, personal or real, notice thereof by postal card shall be given through the mail, "and said notice shall advise the owners of said property or their agents that they may appear before the county courts of their county at the term thereof to be begun and held at the county seat on the first Monday next following the session of said board and show cause, if any they can, why the valuation of their property should not have been raised." Kirby's Digest, § 6999, provides that the board of equalization shall attend at said term of said court and show cause why such valuations were raised in cases where complaints are made of such increase. The county court shall hear and determine all such complaints, and its action shall be final unless an appeal is taken from its determination of the just valuation of such property. Here is a tribunal and a forum established by the statute to which the aggrieved taxpayer can apply for a reduction of the alleged excessive valuation. And this is the specified term of the county court fixed by the statute of which notice must be taken. So that it is not necessary to give notice in order for these tribunals to have jurisdiction to act. Welty on Assessments, § 154; 1 Cooley on Taxation, 782; *Equalization Board v. Landowners,* 51 Ark. 516; *Board of Equalization Cases, supra.*

As is said in *Board of Equalization Cases,* 49 Ark. 518: "The statute requires a record of the proceedings of the board; like all other records, they are open to the inspection of the public; and at a term of the county court held thereafter at a time

and place specifically designated by statute the opportunity to appear and show cause against the findings of the board is provided."

It is true that Kirby's Digest, § 6998, provides that the notice to the owner shall state that he "may" appear at the term of the county court held on the first Monday of October next ensuing; and does not state that he "shall" then appear. But this provision is only notice to the owner of his privilege in the matter; and his appearance is left entirely optional with him. But the statute does not provide that the proceeding "may" be heard then; as if it might be construed to provide also that it might not be heard at that term. But, to make the term of the court at which such complaints are to be heard more certain, the statute provides in the following section that the board of equalization shall attend at "that term of court" to be present at the hearing of these complaints. So that we are of opinion that the time fixed for hearing of complaints of owners aggrieved by reason of the alleged excessive valuation or assessment of their property is the term of court beginning on the first Monday of October next following the session of said board of equalization. And while such hearing, if complaint is made, may as to each complaint be continued to some convenient time, yet the complaint, appeal or application of the party aggrieved to have the valuation of the property reduced must be first made at said term of the county court.

"The statutory provisions for the correction of errors in taxation or assessment being, as above stated, intended to give a specific remedy to the exclusion of other remedies, a party coming within their provisions must pursue the remedy at the time when it is made available, and if a party, conceiving himself to be aggrieved by the acts or decisions of the assessing officers or boards of equalization, fails to pursue the remedy available under municipal charter or statute, he will be deemed to have waived the objection so reviewable." 21 Ency. Plead. & Prac. 437.

The provisions of Kirby's Digest, § 7003, which give to the owner of personal property the right to make application to the county court at any time before the collector closes his books (which is the 10th day of April) to have the same adjusted, in

event the board of equalization shall have valued his property excessively, does not apply to real estate. *Saline County* v. *Hughes,* 84 Ark. 347.

It is urged by the appellee that an excessive valuation of property is an erroneous assessment thereof within the meaning of § 7180 of Kirby's Digest, so that a remedy is here given to one who has paid taxes under these circumstances, by having the taxes refunded. But we do not think that the term "erroneously assessed," as used in said section, refers to an overvaluation of the property. The term "erroneous assessment," as there used, refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature; and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property. If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest, § 7180, give the owner a remedy for a refunding of such taxes thus erroneously paid. But a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property.

It therefore follows that the lower court erred in its judgment herein.

The judgment of the lower court is reversed, and the petition is dismissed.