BANK OF JONESBORO *v.* HAMPTON.

Opinion delivered December 6, 1909.

1. TAXATION—GENERAL POWERS OF STATE TAX COMMISSION.—The State Tax Commission can exercise no power or authority except such as is given to it by the act creating it, either expressly or by necessary implication. (Page 493.)

2. SAME—POWER OF COMMISSION TO EQUALIZE ASSESSMENTS.—While county boards of equalization are authorized to equalize individual assessments, the State Tax Commission is not authorized to do so, but only to adjust and equalize the valuation of real property by counties, districts, towns, villages and cities, and to equalize the valuation of any class of personal property in any county, town, township, village or city. (Page 494.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; affirmed.

*Hawthorne & Hawthorne* and *Manning & Emerson,* for appellant.

The commission shall have complete supervision over the assessment and collection of taxes and the enforcement of the tax laws of the State. Act May 12, 1909, section 11. All taxable property in the State shall be assessed at its true value, and to that end the commission shall compare the returns of the assessment and proceed to equalize the same. *Id.* § 12.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

All laws which relate to the same subject must be taken to be one system, and construed consistently. 2 Ark. 229; 3 Ark. 556; 5 Ark. 349; 4 Ark. 410; 45 Ark. 341. One statute will not be held to repeal another by implication unless there is a manifest repugnance between them. 23 Ark. 304. Due process of law is deemed to be pursued when the owner is given a reasonable opportunity to be heard respecting the correctness of the assessment. 13 Fed. 725; Cooley on Tax. (2 ed.) 364-5. A statute borrowed from another jurisdiction is taken with the construction placed upon it there. 68 Ark. 433. The commission has no jurisdiction to equalize individual assessments. 138 Ind. 94; 133 Ind. 513; 86 Ky. 656; 73 Minn. 337; 56 Cal. 194; 60 Cal. 12; 56 *Id.* 194; 46 *Id.* 416; 59 *Id.* 328; 131 *Id.* 228; 4

Mich. 590; 16 Mich. 24; 64 Mo. 294; 76 Ill. 200. The object of the statute is to require each county to bear its proper share of taxation. 18 Mont. 476; 3 Col. 428; 67 Kan. 434; 107 N. W. 110. Authority for board to act must be clearly given. 49 Ark. 527; 48 Ark. 476; Desty on Tax, § 100. The intention of the Legislature should be followed in the construction of a statute. 3 Ark. 285; 10 Ark. 585; 11 Ark. 544; 29 Ark. 354; 28 Ark. 200; 37 Ark. 495; 48 Ark. 307; 65 Ark. 529. And the history of the statute furnished by the journals is the best evidence of this. 5 Ark. 536; *Id.* 608. Absurd consequences should be avoided by construction. 40 Ark. 431.

HART, J. The Bank of Jonesboro, a corporation organized under the laws of the State of Arkansas, and engaged in the banking business in Craighead County, applied to the county board of equalization for relief against an assessment returned against its property by the assessor of Craighead County. That board of equalization for relief against an assessment returned grieved at the assessment, made application to the Arkansas Tax Commission, sitting as a State Board of Equalization, for a further reduction upon the assessment. The State board refused to act upon the ground that it had no jurisdiction to equalize assessments as between individuals, partnerships and corporations. The bank then filed a petition for mandamus against the board in the Pulaski Circuit Court, 2d Division, for the purpose of compelling it to act. To this petition the Attorney General, on behalf of the board, filed a demurrer, which was sustained by the court, and the petition was dismissed. The bank has appealed to this court.

The only question involved in the appeal is: Did the act of May 12, 1909, creating the Arkansas Tax Commission, give it the power to raise or lower individual assessments? With reference to county boards of equalidation this court has said: "The powers of the boards of equalization are special and limited. They can perform no act except such as they are specially authorized to do." *Board of Equalization Cases,* 49 Ark. 518; *Lyman* v. *Howe,* 64 Ark. 436.

By analogy the same rule applies to State boards of equalization. They are wholly the creatures of the law, and have no power or authority except that which is, expressly or by neces-

sary implication, given by the acts creating them. 27 Am. & Eng. Enc. of Law (2d Ed.) p. 711 and cases cited; Desty on Taxation, § 103; *Orr* v. *State Board* (Idaho), 28 Pac. 419; *Hamilton* v. *State,* 3 Ind. 452.

The act under consideration may be found in the Acts of Arkansas, 1909, p. 764. Section 11 of the act provides that said tax commission shall have the power and authority:

"1.  To have and exercise general and complete supervision over the assessment and collection of taxes and the enforcement of the tax laws of the State, and over the several county tax assessors, tax collectors, county boards of review and equalization and other officers charged with the assessment and collection of taxes in the several counties of the State, to the end that all assessments on property, privileges and franchises in the State shall be made in relative proportion to the just and true value thereof in substantial compliance with the law.

"2.  To confer with, advise and direct all assessors, collectors of State and county taxes, and the county boards of equalization and review as to their duty under the laws of this State," etc.

It is first insisted by counsel for appellant that these and other subdivisions of section 11 gives the State board the authority to deal with and to equalize individual assessments. The act must be considered as a whole, and to get at the meaning of any section it must be read in the light of the other provisions of the act. Section 11 defines the duties of the board as a tax commission, and section 12 confers upon it the power to act as a board of equalization of taxes. Section 12 is as follows:

"Section 12.  The said Arkansas Tax Commission shall meet as a state equalization board of taxes annually on the second Monday in November of each year for the equalization of the taxable values of such personal or real property as may come before it by reason of report or otherwise. They shall determine and compare the returns of the assessment of the property in the several counties of the State, and proceed to equalize the same, so that all the taxable property in the State shall be assessed at its true value, and that all property shall bear its equal and just proportion of the taxes of the different counties of the State."

The rules by which the board shall be governed in the performance of its duties are specifically enumerated in the five subdivisions, which follow.

It will be seen that the board acts in a dual capacity: First, as a State Tax Commission, and second as a State Board of Equalization. It is not claimed that section 12, which defines the powers and duties of the board of equalization of taxes, gives it any power to equalize individual assessments. We think section 11, when read in connection with section 12, relates rather to the supervision of the manner in which the assessors and county boards of equalization shall perform their duties. It also gives the tax commission authority to collect and preserve data to be used by it when acting in the capacity of a State board of equalization; but it does not give the State board any jurisdiction to reveiw the action of the county boards with respect to raising or lowering individual assessments.

An act of 1903 of the State of Nebraska provides that the State Board of Equalization shall have general control and direction over the assessors of the various counties in the performance of their duties. It also provides that the assessor shall prepare an abstract in detail of the assessment rolls of his county immediately after the county board has completed its labors and shall forward it to the State board, and that the assessors shall obey all the rules made under the act by the State board. The Supreme Court of that State held that, under these and similar provisions the State board had no power to deal with individual assessments, and that it could not take into consideration inequalities between individual tax payers; but that it could only deal with the values of the taxable property of a county as a whole as provided by the terms of the act.

The court said: "Individual discrepancies and inequalities, the law contemplates, shall be corrected and equalized by the county authorities, and a tax payer, failing to avail himself of the opportunity thus presented, has no legal ground of complaint because of the action of the State board of equalization in lowering or raising the valuation of all the property in the county so as to conform with all other property throughout the State. The county board is specially impowered to hear complaints and grievances as between individual tax payers, and to

adjust and remedy the same as may seem just and equitable. The State board possesses no such power. The tax payer returning money at its legal value could, if he felt aggrieved, complain that his property was assessed too high as compared with all other property. He had the right to insist that all property be valued on the same basis, and had just ground of complaint if such was not done. *State* v. *Osborne*, 60 Neb. 415, 83 N. W. 357. Not having done so, he is presumed to have been satisfied, and the State board was warranted in assuming that all property of the county of whatsoever kind had been assessed on the same basis of valuation and to equalize accordingly." *Hacker* v. *Howe* (Neb.), 101 N. W. 255; *State* v. *Drexel* (Neb.), 107 N. W. 110. See, also, *Adsit* v. *Lieb*, 76 Ill. 200; *Wells Fargo & Co.* v. *State Board of Equalization*, 56 Cal. 194; *Cummings* v. *Stark*, 138 Ind. 94.

What was said in that case applies with equal force here. The tax payer may apply to the county board of equalization for redress against the action of the county assessor; and if the county board does not grant him relief, he may appeal to the county court, and, if dissatisfied with its action, may in turn appeal from its decision. It is true the Constitution provides that "all property subject to taxation shall be taxed according to its value," but this is done when the valuation is equalized with other property of the same kind in the county. Thus we see that if the assessor and county board violate this provision of the Constitution the taxpayer had a complete and adequate remedy under the law as it existed at the time of the passage of the act now under consideration.

If he does not avail himself of that remedy, the presumption is that no inequality exists. It is not necessary to dwell upon the subject. The powers and duties of the State and county boards are separate and distinct. Each is the creature of the statute, and each has its appropriate duties to perform in equalizing taxes. The county board equalizes individual assessments. The State board, by the terms of the act creating it, is limited to adjusting and equalizing the valuation of real property by counties, districts, towns, villages and cities, and equalizing the valuation of any class of personal property in any town, township, village or city.

Lastly, it is contended by counsel for appellant that their contention that the power to equalize individual assessments is given to the State board by sections. of the act above referred to is borne out by section 13 of the act.

This section deals with the duties of the board after it has exercised its powers. As we have already seen, the board can exercise no authority except such as is expressly or by necessary implication conferred upon it. The board receives its authority, and the rules and regulations governing the exercise thereof from section 12 of the act. Section 13 relates to the record that it shall keep of its proceedings as a board of equalization and the certification thereof to the respective county officers, to the end that they may discharge the duties required of them under the . provisions of the act.

Manifestly, the Legislature did not intend to confer jurisdiction upon the board to act by this section; but only intended by it to deal with matters necessary to carrying out the acts done by the board in the exercise of its lawful authority. That part of the section which provides that the record shall specify "the amount added to or deducted from the assessment of individuals, co-partnerships, associations or corporations" means the per cent. to be added to their assessments. This construction is borne out by .the direction in similar terms given to the county clerks in the latter part of the section.

With this construction the act may stand as a complete and harmonious whole. Otherwise, the language quoted would seem to be surplusage, and to have no proper place in the statute under consideration.

From the views we have expressed it necessarily follows that the judgment must be affirmed.