## STATE *v.* LITTLE.

### Opinion delivered March 14, 1910.

1. TAXATION—POWER OF LEGISLATURE.—Under Const. 1874, art. 16, § 5, providing that "all property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State," *held* that, subject to the constitutional restrictions, the authority of the Legislature in providing the means and agencies for valuing property for taxation is supreme. (Page 219.)

2. TAXATION—ERRONEOUS ASSESSMENTS—RELIEF.—The courts, whether of law or equity, can not give relief against erroneous assessments, except where they are especially impowered to do so. (Page 220.)

3. SAME—RIGHT TO RELIEF AGAINST VALUATION FIXED BY COUNTY COURT.— Under Kirby's Digest, § 6999, providing that the action of the county court in hearing the complaints of taxpayers "shall be final unless the owner or agents of such property as make complaint shall take an appeal to the circuit court," *held* that, where the county court lowers the assessment of a taxpayer, neither the State nor the State Tax Commission is entitled to relief in equity against such assessment. (Page 221.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The county board of equalization of Miller County, at its 1909 session, raised the valuation of the property of certain taxpayers. A number of persons whose property was affected applied to the county court of Miller County for a reduction of the assessment. At the October term, 1909, of the Miller County Court, the members of the board of equalization attended and explained the changes in valuation. The county court made an order reducing the assessments in certain cases. In the

meantime County Clerk A. B. Little had extended against the several tracts of land, whose valuations the owners had sought to reduce, and against the several personal assessments which were being complained of, the county and State taxes on the valuations as fixed by the county equalization board.

The State Tax Commission took the matter up, and concluded that the action of the county court in making the reductions was wrong. Having reached this conclusion, the members of the State board and the Attorney General, on behalf of the State of Arkansas, filed a bill in the chancery court of Miller County against A. B. Little as county clerk of said county, praying that he be enjoined as such clerk from making any changes in the valuation of property as extended on the tax books of said county until the further orders and directions of said chancery court.

A temporary injunction was granted in accordance with the prayer of the bill.

The persons whose property was affected were permitted to become parties defendant to the action. A demurrer to the complaint was filed, and a motion made to dissolve the temporary injunction. On final hearing of the case the chancellor found in favor of the defendants, and a decree was accordingly entered, dissolving the temporary injunction and dismissing the complaint for want of equity.

From this decree the plaintiffs have duly prosecuted an appeal to this court.

*Hal L. Norwood,* Attorney General, *Wm. H. Rector,* Assistant, *L. A. Byrne* and *David A. Gates,* for appellant.

1. No remedy at law is given from the action of the county court in reducing assessments. Art. 7, § § 14 and 33, Kirby's Dig. § § 1317, 1487, 6998-9. No method of appeal is provided. Nor is certiorari available. Spelling on Inj. § 16. The only remedy is in equity.

2. Property should be assessed uniformly, and in the absence of any legal remedy chancery can be invoked to rectify gross inequalities in the assessment. Kirby's Dig., § § 6998-9; art. 7, § 28, Const., and art. 7, § 28; art. 16, § 5; 46 Ark. 141.

3. Assessment of taxes is a ministerial function. 28 Ark. 270; 21 Ark. 55; 49 Ark. 518; 36 Ark. 142; 46 Ark. 386.

4. Assessors can be compelled to assess property uniformly. 58 L. R. A. 517. Abuse of discretion or fraud can always be corrected in equity. 58 L. R. A. 513; 123 Ill. 227; 78 Ill. 382; 179 Ill. 615; 176 Ill. 576; 43 Cal. 353; 83 Ill. 602. Courts of equity will interpose in a clear case of reckless disregard of duty whereby a grossly arbitrary and unreasonable assessment is placed on property. Spelling on Inj. § 654; 49 Ark. 524.

5. Final orders of county courts may be attacked by injunction collaterally. 30 Ark. 101, 278.

*Henry Moore, Jr.,* for appellee.

1. A court of equity has no jurisdiction. No right of appeal is given the State Tax Commission. Const. art. 7, § § 28-33; Kirby's Dig. § § 1375, 6999; 70 Ark. 88; art. 16, § 5, Const.

2. The county court has exclusive jurisdiction. 43 Ark. 63; 44 Ark. 225; 47 Ark. 80; 70 Ark. 88.

*Joel D. Conway, John N. Cook* and *W. H. Arnold,* for appellee.

1. Chancery has no jurisdiction. 46 Ark. 471; *Ib.* 383; 49 Ark. 518; 27 Ark. 682.

2. An adequate remedy is provided by appeal, and that remedy must be followed. 18 Ark. 380; 43 Ark. 257; 47 Ark. 431; 92 N. Y. 604; Cooley on Tax, 748-9; 6 Pick. 98; 5 Gray, 365; 5 Cush. 93; 70 Pa. St. 221; 56 *Id.* 315; 43 Conn. 309; 13 Fed. Rep. 752; 49 Ark. 518; Kirby's Dig. § 6999.

HART, J., (after stating the facts). Our Constitution, art. 16, § 5, provides that "all property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State." Hence it will be seen that the taxing power is a legislative function, and that, subject to constitutional restrictions, the action of the Legislature is supreme. *Board of Equalization Cases,* 49 Ark. 518; *Prairie County* v. *Matthews,* 46 Ark. 383.

In the exercise of its province in providing the means and agencies for ascertaining the valuation of property for taxation, the Legislature passed an act providing for a county board of equalization. After prescribing the powers and duties of the board in regard to the equalization of property for taxation, it

provides that any person aggrieved by the action of the board may apply to the county court for relief.

Section 6999, of Kirby's Digest, which is a part of the act, reads as follows:

"The board of equalization shall attend at said term of said court and show cause, if any they can, why such valuations were raised in cases where complaint is made of such increase. The county court shall hear and determine all complaints made by the owners or agents of such property and approve or reject the action of said board as the facts may warrant, and such action of the county court shall be final unless the owner or agents of such property as make complaint shall take an appeal to the circuit court."

It will be seen that no right of appeal from the judgment of the county court is given except to the owner of the property, upon whose complaint the court has acted.

"The courts, either of common law or of equity, are powerless to give relief against the erroneous judgments of assessing bodies, except as they be specially empowered by law to do so." Cooley on Taxation, vol. 2, p. 1382; Desty on Taxation, vol. 1, p. 605.

The text is supported by numerous adjudicated cases from many of the States, and the rule is of general application. See, also, *Board of Equalization Cases,* 49 Ark. 518; *Clay County* v. *Brown Lumber Co.,* 90 Ark. 413; *Wells Fargo & Company's Express* v. *Crawford County,* 63 Ark. 576.

In support of their contention that plaintiffs are entitled to the injunctive relief prayed for in their bill, learned counsel have cited us to many cases where courts have held that the individual taxpayer, setting up facts which constitute fraud in the assessment of his property, or facts which show the assessment to be illegal, may seek relief in equity; but the decisions in those cases are based upon the ground that the facts alleged constitute a taking of the taxpayer's property without due process of law, and the illegal or fraudulent proceedings cast a cloud upon his title.

We have been cited to no case, and believe there are none, where, in the absence of statute conferring it, the State would be entitled to injunctive relief on account of the dereliction of its

officers, to whom it has entrusted the duty of ascertaining the valuation of property for taxation. The Legislure having provided the agencies for the assessment of property for taxation and the manner of its exercise, the action of such officers is conclusive on the State in the absence of a statute to the contrary; and the courts have no power to supervise and correct the assessments made by them.

Again, it is contended that the State Board of Tax Commissioners have the right to seek relief prayed for under the facts stated in their complaint. They rely on section 11 of the acts of Arkansas, 1909, c. 257, creating the State Tax Commission, to sustain their contention. The section referred to is copied in the opinion in the case of *Bank of Jonesboro* v. *Hampton, 92* Ark. 492, and need not be copied here. In that case we held that the State board, being a creature of the statute, had no powers except such as are expressly or by necessary implication, given it, and that the supervisory control, given by the section referred to, was only to the extent of collecting information to be used by the State board for the purpose of enabling its members to discharge their duties in a more intelligent and efficient manner; and also for the purpose of collecting data to be furnished to the Legislature for its information in framing such legislation on the subject of ascertaining the valuation of property for taxation as it may deem necessary.

From the views expressed, it necessarily follows that the action of the chancellor in sustaining the demurrer was correct, and the decree will therefore be affirmed.