### CLAY COUNTY *v.* BANK OF KNOBEL.

Opinion delivered December 9, 1912.

1. TAXATION—ERRONEOUS ASSESSMENTS—RELIEF.—The courts, whether of law or equity, are powerless to give relief against the erroneous

judgments of assessing bodies, unless they are especially empowered by law to do so.   (Page 453.)

2.   SAME—ERRONEOUS ASSESSMENT—RELIEF.—Under Acts 1911, p. 230, amending Kirby's Digest, § 7003, providing (§ 4) that "all appeals taken from the order of the board of equalization shall be taken to the October term of the county court," etc., an appeal to the county court after the October term of such court is too late.   (Page 453.)

3.   SAME—ERRONEOUS ASSESSMENT—RELIEF.—Under Acts 1911, p. 161, providing, among other things, for separate county courts for the Western District of Clay County, and that such courts shall meet on the third Monday in December and on the fourth Monday in March, June and September of each year, and that the county court for levy-ing the taxes and making appropriations shall be held at Piggott, the county site, as now provided by law, *held*, that a taxpayer in the Western District of Clay County should apply to the October term of the county court which met at Piggott for relief against the action of the board of equalization.   (Page 454.)

Appeal from Clay Circuit Court, Western District; *W. J. Driver*, Judge; reversed.

### STATEMENT BY THE COURT.

At the March term, 1912, of the Clay County Court appellee presented its petition, alleging that its property in 1911, including its entire assets, personal and real, was assessed at the sum of $9,342.43, whereas it should have been assessed at one-half that sum.   It prayed that the assessment be reduced.

The petition was overruled.   Appellee took an appeal to the circuit court.   In the circuit court appellant filed an answer, admitting that appellee's property had been assessed at the sum alleged, but denied that the property was doubly assessed, and set up that the court was without jurisdiction or power to grant the relief prayed for, and alleged that if the petitioner was entitled to any relief it had lost that right by failure to apply to the proper court within the time required by law.

A trial was had and evidence was adduced tending to show that appellee's property was assessed at its true value, the amount alleged in the complaint; and there was evidence to the effect that the board of equalization of Clay County had a rule to assess property at fifty cents on the dollar of its true value; that the board, in that respect, approved the rule of

the State Tax Commission to assess property at its real value, and then cut it half in two and put the valuation at one-half the real value. But this was not done as to the property of appellee.

The circuit court rendered judgment reducing the assessment to $4,696.25, as prayed in the petition. Appellant duly prosecutes this appeal.

*G. B. Oliver,* for appellant.

Appellee had a remedy provided by law whereby it could obtain relief. Not having pursued that remedy, the judgment was erroneous and should be reversed. Kirby's Dig., § 7180; Acts 1911, p. 230, § 1; 94 Ark. 217; 90 Ark. 417.

*J. S. Jordan,* for appellee.

By the amendment of 1911 (Acts, p. 161) to the act of February 22, 1881, establishing separate courts in Clay County, there was established a county court for the Western District of Clay County, and the terms of said court were fixed by section 2 of the amendment to be held on the third Monday in December and the fourth Mondays in March, June and September. There was therefore no October term of the court, and no board of equalization convened on the first Monday in September. Appellee could not have complied with the act of 1911, p. 230, unless its property were in the Eastern District of the county. See Kirby's Dig,. § 6993; *Id.* § 7180; 56 Ark. 173; 62 Ark. 461.

Wood, J., (after stating the facts). Act 249, of the Acts of 1911, p. 230, which amends section 7003 of Kirby's Digest, provides that the board of equalization, when in session, "shall have power to examine witnesses with respect to any matter under investigation, to hear complaints with respect to the undervaluation or overvaluation of property, and to equalize the assessments of the county by adding to or taking from the valuation of any real or personal property, moneys and credits within the county, and to assess the property of any person omitted from the rolls by the assessor, and to correct the obvious errors that may have been made in the assessment of property by the assessor."

The second section specifies when the board of equalization shall meet, and then provides: "The board shall

have power to exercise its functions in the equalization of property until the fourth Wednesday of October."

The fourth section provides that "all appeals taken from the order of the board of equalization shall be taken to the October term of the county court, and such appeals, even if taken after the regular October term of the county court has convened, shall be heard and passed upon by said court before the fourth Wednesday in October."

And the fifth section, among other things, provides that "all appeals from the county court to the circuit court herein provided must be taken within thirty days of the day upon which the order from which the appeal is taken was made."

It will thus be seen that the statute furnishes a complete remedy, in case of overvaluation of property by the assessor, to have the same reduced by first applying to the board of equalization, and, if relief is not granted there, then by appeal to the county court, and then to the circuit court. The appellee did not pursue the remedy provided by statute.

We held, in *Clay County* v. *Brown Lumber Co.*, 90 Ark. 417, that in all cases of excessive valuation, where the assessor or the board acts within its jurisdiction, the taxpayer must pursue the remedy provided for his relief or abide by the finding of the board. And in *Bank of Jonesboro* v. *Hampton*, 92 Ark. 492, we said: "The taxpayer may apply to the county board of equalization for redress against the action of the county assessor; and, if the county board does not grant him the relief, he may appeal to the county court, and, if dissatisfied with its action, may in turn appeal from its decision."

In *State* v. *Little*, 94 Ark. 217, we said: "The courts, either of common law or equity, are powerless to give relief against the erroneous judgments of assessing bodies, except as they be especially impowered by law to do so."

It thus appears that appellee, not having pursued the remedy provided by law, was not entitled to the relief which the circuit court granted.

The appellee contends that under the act of May 4, 1911, *supra*, it was without a remedy because there was no October term of the county court of the Western District of Clay County to which it could appeal according to the provisions of that act.

Act 204, page 161, of the Acts of 1911 provides, among other things, for separate county courts for the Western District of Clay County and the time for the meeting of such courts, towit, on the third Monday in December and on the fourth Mondays in March, June and September of each years After fixing the time for holding these courts, the act provides that "the county court for levying the taxes and making appropriations shall be held at Piggott, the county site, as now provided by law."

At the time this act was passed the county court of Clay County was held at Piggott on the first Monday in April, July and October of each year (Kirby's Digest, § 1361, Acts 1895, p. 36), and the board of equalization met in September of each year. Kirby's Digest, § 6992.

Counsel for appellee states that there was only one board of equalization in Clay County, and there is no evidence in the record showing that there was any board for the Western District separate from that for the Eastern District. Since there is no specific provision in the act for the meeting of the equalization board and session of the county court in the Western District of Clay County for the purpose of correcting improper assessment of taxes, we must assume that the above general provision for the meeting of the equalization board and the session of the county court for Clay County applied to the Western District as well as to the Eastern District thereof.

When the county court met for the levying of taxes, it was necessarily in session for the purpose of correcting any errors that may have been made in the assessment of taxes, as the assessment of taxes necessarily preceded any proper levying thereof.

Therefore, if appellee's property was improperly assessed by overvaluation, it had a complete remedy as provided by statute, *supra*, by first making application to the board of equalization, and, if relief was not there granted, then by appeal to the county court, and then to the circuit court. Not having pursued this remedy, the circuit court erred in granting the relief in the petition. The judgment is therefore reversed, and the cause is dismissed.