STATE OF ARKANSAS AND TAX COMMISSION *v.* MISSISSIPPI, ARKANSAS & WESTERN RAILWAY COMPANY.

Opinion delivered May 12, 1919.

1. TAXATION—TRAMROAD.—A tram or log road on private property and not operated as a public carrier, though extended for 12 miles, is not a "railroad" within Acts 1911, p. 233, and was not assessable as such by the Arkansas Tax Commission.

2. TAXATION—AUTHORITY OF TAX COMMISSION.—The only authority possessed by the Tax Commission is that conferred upon it in express terms or by necessary implication.

3. TAXATION—FINALITY OF ORDERS OF TAX COMMISSION.—The findings and orders of the State Tax Commission are final except when attacked for fraud or want of jurisdiction, no appeal being provided.

4. TAXATION—ILLEGAL ASSESSMENT—RELIEF.—Where the Tax Commission, in fixing the assessment of a railroad, has considered and included elements of value of private property not owned or used by the railroad, this action amounted to a taking without process, against which injunctive relief may be had.

Appeal from Chicot Chancery Court; *Z. T. Wood,* Chancellor; affirmed.

*John D. Arbuckle,* Attorney General, and *Jas. R. Yerger,* Special Counsel, for appellant.

The assessment of 19 miles of railroad was proper and valid.   15 Am. St. Rep. 878.   The railroad company

owned and operated 19 miles of railroad and it was assessable and taxable.

*J. C. Gillison* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

The railroad company was only taxable on 7.37 miles of track, as that was all it owned. It did not build nor own the 12 odd miles. Kirby's Dig., § 6601. The extra 12 miles was owned by the lumber company, and the railroad company was not liable for the taxes on that portion of the track. It never owned nor claimed it. The lumber company owned the mill, the land and the timber before the railroad was built. The lumber company was the owner of the 12 miles of track, and it was assessable by the assessor of the county and not by the Tax Commission.

HUMPHREYS, J.   Appellee instituted suit against the collector of taxes in Chicot County, in the Chicot Chancery Court, to enjoin the collector from collecting taxes on more than 7.37 miles of railroad track in that county, alleging that the Arkansas Tax Commission assessed it on a mileage basis of 19 miles, instead of 7.37 miles, of railroad track; and that the assessment was unjust, illegal and void.

The State of Arkansas and the Arkansas Tax Commission were made parties by request and filed an answer in which it was admitted that the assessment was based on a mileage of 19 miles; alleged that appellee owned and operated a railroad of that length in Chicot County; and denied that the assessment was unjust, illegal and void. By way of further defense, appellants pleaded that appellee applied to said Tax Commission for a reduction of the assessment, setting up that it owned only 7.37 miles of railroad in Chicot County, and not 19 miles; that the Tax Commission made an investigation and personal inspection, upon which it dismissed the petition; that the assessment based upon a mileage of 19 miles and dismissal of the petition requesting a reduction to a mileage

basis of 7.37 miles constituted a final adjudication of the assessment not reviewable by the chancery court.

A preliminary order was made by the chancery court, directing the collector to separate the assessment of the property and accept payment of taxes on 7.37 miles of track; and upon the execution of an injunction bond by appellee not to return the balance of the assessment as delinquent.

On November 7, 1918, the cause was submitted to the court upon the pleadings, an agreed statement of facts, and the depositions of Monroe Smith and F. L. Gregory, from which, among other findings, the court found that 7.37 miles of railroad, as assessed by the Tax Commission, belonged to appellee, and that the remaining 12 miles was built, equipped, used and operated exclusively as a tram or log road, by the Bliss-Cook Oak Company, and not owned or operated by appellee as a railroad; that the Bliss-Cook Oak Company had assessed the tram or log road with the county assessor in the manner required by law, and paid all taxes due thereon. A judgment was rendered, in accordance with the findings, exempting appellee from the payment of that portion of the assessment placed by the Tax Commission on appellee railroad in excess of 7.37 miles. From the judgment, an appeal has been duly prosecuted to this court, and the cause is before us for trial *de novo.*

The facts summarized are about as follows: The Chicot Lumber Company, an Illinois corporation, was organized sometime prior to 1902. It owned a large tract of timber land and a lumber mill at Blissville, also two miles of tramway with laterals used by it for hauling its timber to the mill. It conceived the idea of constructing a short railroad for the purpose of doing a railroad business in addition to hauling its own timber to the mill and from the mill to the Iron Mountain Railroad in order to get the proper railroad connections and a proper division of freight rates with the Missouri Pacific Railway Company. As a result, the appellee railroad was organized on January 10, 1902, and the Chicot Lumber

Company subscribed for 98 per cent. of the railroad stock, and bought $200,000 worth of bonds from said railway.  Thereafter, the Chicot Lumber Company sold its property, including its railroad stocks and bonds, to A. T. Bliss.  On April 19, 1905, the Bliss-Cook Oak Company was organized and purchased the lands, mill, railroad stocks and bonds from A. T. Bliss.  Subsequently, F. L. Gregory became manager of the Bliss-Cook Oak Company, as well as the railroad company, took up laterals belonging to the Bliss-Cook Oak Company, and extended the railroad on the right-of-way survey, according to the charter of the railroad company, to a total length of 7.37 miles.  As between the companies, the railroad, as thus extended, was treated as the property of the railroad company because it was laid on the right-of-way belonging to said railroad company, and listed by it for taxation with the Arkansas Tax Commission, in the manner provided by law.  As thus constructed, the railway company was operated by the Bliss-Cook Oak Company, and, as it became necessary to reach its timber, at its own expense extended the road over its own land and land which it leased from other parties, building it out of about the same kind of rails and ties used in the construction of the first 7.37 miles.  The extension made by the Bliss-Cook Oak Company in this manner was twelve miles.  This additional extension of twelve miles was treated by the Bliss-Cook Oak Company as its private property and assessed with the county assessor.  At the time the Arkansas Tax Commission assessed the 19 miles of railroad as belonging to appellee, the Bliss-Cook Oak Company was operating trains with appellee's equipment over the entire 19 miles of trackage for the purpose of hauling its own timber to the mill, and finished product from the mill to the Iron Mountain Railway.  It also hauled cars over a portion of the line for a hickory mill near Blissville, owned by other parties, for which service, it received $8 per car.  It did not run passenger trains or freight trains for general traffic.  The only freight hauled consisted of logs and materials owned by the

Bliss-Cook Oak Company and from the independent hickory factory located near Blissville. It does not appear that the product hauled for the independent hickory mill was hauled over the twelve-mile extension. During the year 1912, the Interstate Commerce Commission decided that the railroad was not a common carrier but was an auxiliary to the mill owned by the Bliss-Cook Oak Company. Prior to that time, the railroad company had kept a perfect system of accounting, but thereafter kept no books. Appellee was notified to appear before the Arkansas Tax Commission on July 26th for the purpose of assessing the entire mileage of nineteen miles of railroad. By request, the hearing was adjourned until the 3rd day of August, on which date, the whole mileage of nineteen miles was assessed at $53,235. On September 5th following, appellee filed a petition to reduce the assessment from a mileage basis of nineteen to 7.37 miles and requested a personal investigation and inspection of the road. The inspection was made, and, on November 23, 1917, the reduction was refused and petition dismissed.

It is contended by appellants that the twelve-mile extension over the private property of the Bliss-Cook Oak Company, operated in connection with the 7.37 miles owned by appellee, constitutes a railroad within the meaning of Act 251, Acts 1911, and assessable under the provisions of that act by the Arkansas Tax Commission. Section 1 of the act just referred to authorizes the Arkansas Tax Commission to assess the property of railroads "chartered, organized or operated under the provisions of chapter 133 of Kirby's Digest." By reference to that chapter, it is quite apparent that the railroads to be assessed by the Arkansas Tax Commission are railroads operated as public carriers, and not tramways or log roads operated by individuals or private corporations for the sole purpose of hauling their timber to market. It is established by the undisputed evidence in this case that the twelve miles extension was owned by the Bliss-Cook Oak Company, and not by the Mississippi, Arkansas & Western Railway Company, and by the overwhelm-

ing weight of the evidence that the road, as operated by the Bliss-Cook Oak Company, was not operated as a public carrier. It does not appear that passengers and freight were hauled over the twelve-mile extension for pay. So far as the record discloses, the only use made of the twelve-mile extension was to haul logs and lumber belonging to the Bliss-Cook Oak Company. In other words, the twelve-mile extension was used wholly and entirely as a private tram or log road for the benefit of the latter corporation. For this reason, the assessment by the Arkansas Tax Commission of the twelve-mile tram or log road was without authority, an illegal exaction and void. The only authority possessed by the Arkansas Tax Commission is that conferred upon it by statute in express terms or by necessary implication. *Bank of Jonesboro* v. *Hampton,* 92 Ark. 492; *State* v. *Little,* 94 Ark. 217. There is nothing in the statute granting authority, directly or impliedly, to the Tax Commission to assess trams or log roads owned or used for private purposes by individuals or private corporations.

It is contended by appellants, however, that, because the Arkansas Tax Commission notified appellee and the Bliss-Cook Oak Company of the assessment, and because appellee filed a petition, in the form of a letter, to reduce the assessment and requested an inspection of the railroad property, and because the Tax Commission made a personal inspection, considered the matter and denied a reduction, it became a final adjudication of the Tax Commission, which cannot be reviewed by the chancery court. It is true, as suggested, that no appeal is provided from the Arkansas Tax Commission and that its findings and orders are final except when attacked for fraud or want of jurisdiction. *St. L., I. M. & S. R. Co.* v. *Worthen,* 52 Ark. 529. This case, however, comes clearly within the exception because the board has considered and included elements of value, in fixing the assessment, of private property not owned or used by appellee, or any one for it, as a public carrier. This would clearly amount to an illegal exaction or the taking of property without due

process of law. While the State is bound by the assessment made by its officers and assessing boards, unless otherwise provided by statute, individual taxpayers are entitled to injunctive relief against the enforcement of illegal exactions or assessments. *State Board of Equalization et al.* v. *People of the State of Illinois, ex rel. Catherine Goggin et al.,* 58 L. R. A. 513; *State* v. *Little,* 94 Ark. 217.

No error appearing, the decree of the chancellor is affirmed.