### W. P. BROWN & SONS LUMBER COMPANY v. SIMS.

Opinion delivered November 29, 1920.

1.  TAXATION—ASSESSMENT — REMEDY FOR OVERVALUATION.—Equity
    will grant relief against void tax assessments, but not against
    those which are merely erroneous for overvaluation, where a
    statutory remedy by appeal is afforded.

2.  TAXATION—BREACH OF ASSESSOR'S PROMISE TO SUBSTITUTE CORRECT
    LIST.—Where the agent of a foreign corporation submitted to the
    assessor a list of the corporation's property containing an ex-
    cessive valuation, relying upon the assessor's promise to accept
    a corrected list after it should be obtained, the breach of the
    assessor's promise to substitute the corrected list did not consti-
    tute such an unanticipated casualty as to render the excessive
    assessment invalid.

Appeal from Prairie Chancery Court, Southern Dis-
trict; *John M. Elliott*, Chancellor; affirmed.

*Cooper Thweatt*, for appellants.

We agree with the lower court that the assessment
for 1918 is governed by act 234, Acts 1917, but plaintiff
was not negligent in not supplying its resident agent with
all the data to make a proper assessment at the time re-
quired by the statute. There is no statute making it the
duty of a nonresident to supply its resident agent with
a list of its property. Plaintiff was not negligent, and is
not estopped from seeking relief in chancery. 7 Am.
Digest (Key No. Series). p. 2527. art. 462 (a), "Taxa-
tion." If a taxpayer makes application for a reduction
of his assessment and furnishes satisfactory proof of a
mistake, it is the duty of the assessor to correct it. 37
Cyc. 1018. The assessor has power to lower an assess-
ment, and a promise to do so when he knew the assess-
ment was too high gave plaintiff the right to apply to

equity for relief.    37 Cyc. 1266, 1079, 7111; 18 Am. Dec. Digest, § 451 (r).

Equity will interfere to prevent excessive overvaluation of a person's property.    71 Pac. 946; 8 Arizona, 221; 18 Am. Dec. Dig., § 6085 (e) ; 8 Ky. Law Rep. 706. Under the above authorities the allegations of the complaint show fraud and justify the interference of a court of equity.    They also show that appellant had no adequate relief at law, as he was misled by the assessor's silence until too late to appeal to the county court..

*Emmet Vaughan,* for appellee.

The opinion of the chancellor defines clearly the remedy of appellant, and he should have pursued it.    The county court clearly had jurisdiction.    Art. 7, § 2, Const. 1874; act 234, Acts 1917.    The chancery court had no jurisdiction to afford relief against appellant's own negligence.

McCulloch, C. J.    Appellant is a foreign corporation engaged in the lumber business in this State, and is the owner of personal property here. Its local manager usually attended to the listing of its property for taxation. This is an action instituted by appellant in chancery against the collector of taxes for Prairie County to restrain the latter from attempting to collect taxes on appellant's property for the year 1918.    It is alleged in the complaint that the valuation of appellant's property was excessive, and that the error was caused by the conduct of the county assessor.

According to the allegations of the complaint, the county assessor called on appellant's local manager to assess the property for the year 1918, and said manager, not having sufficient information at hand to make out a correct list of appellant's taxable property, made a list from the assessment for the last preceding year (1917) and delivered it to the assessor.    the allegation of the complaint is that the manager did this under advice of the assessor and upon the latter's promise that a correct

list would be accepted when furnished later. The list for the year 1917, as furnished by the assessor, showed a valuation of $92,200, but subsequently appellant furnished from its home office in the State of Kentucky a correct list of the taxable property in Prairie County for the year 1918 of the valuation of $26,680 and said list was mailed to the assessor, but the latter failed to substitue the correct list according to his promise, and the taxes were extended on the tax books upon the valuation originally furnished by the manager. The chancery court sustained a demurrer and dismissed the complaint for want of equity.

We are of the opinion that the court was correct in its decision. Courts of equity will grant relief against void tax assessments, but not against those which are merely erroneous on account of over-valuation where a statutory remedy by appeal is afforded. *Clay County* v. *Brown Lumber Co.,* 90 Ark. 417; *Clay County* v. *Bank of Knobel,* 105 Ark. 450.

It was the duty of appellant to cause its taxable property to be correctly listed at the time specified by law, and it had no right to rely on the unauthorized promise of the assessor to substitute another list to be furnished later. The alleged broken promise of the assessor did not constitute such an unanticipated casualty as to render the excessive assessment invalid. Appellant should have pursued the remedy afforded by statute to correct the assessment, and, having failed to do so, it can not resort to a court of equity for relief.

Affirmed.