Mr. Larry E. Crane, Director Assessment Coordination Division Public Service Commission 1614 West Third Little Rock, AR 72201
Dear Mr. Crane:
This is in response to your request for an opinion regarding the effect of the decision in Omega Tube Conduit Corp. v. Maples,312 Ark. 489, S.W.2d (1993), on the existing tax liabilities of manufacturers under assessments made in 1992 and for which payments are due and payable through October 10, 1993. You note that the court in Omega Tube did not address whether final assessments for 1992 for other companies which had not appealed their assessments were affected by the litigation. Your specific questions are as follows:
 1. Would those manufacturers who failed to appeal the assessment of the portions of their raw materials, work in progress and finished products imported into the state and shipped out of state now be barred any reduction in tax liability?
 2. What of those few manufacturers who assessed under protest awaiting resolution of the Omega
litigation? Would it be appropriate for the respective County Judge(s) to order appropriate reductions in the manufacturers' taxes payable by October 10?
I assume that your questions are asked with regard to manufacturers who have not yet paid their 1992 taxes.[1] It is my opinion that the answer to your first question is "no." The failure to appeal the assessment would not, in my opinion, bar the manufacturers from claiming the exemption as to property covered by the Omega Tube decision. Such property is, according to Omega Tube, exempt from taxation under A.C.A. § 26-26-1102
(1987). It seems clear that this ruling will apply to those with claims arising on facts predating the decision.
It should be noted in this regard that as a general rule, unless otherwise specified, judicial decisions operate both retroactively and prospectively. 21 C.J.S. Courts § 148 (1990). A court decision is generally given retrospective effect, as for example where the decision construes a statute. Id. Seealso Land O'Frost, Inc. v. Pledger, 308 Ark. 208,823 S.W.2d 887 (1992) (citing a prior Arkansas case which relied upon the U.S. Supreme Court's position, stated in James B. BeamDistilling Co. v. Georgia, 115 L.Ed.2d 481, (1991), that once the Court has applied a rule of law to the litigants in one case, it must apply the same rule to all other litigants not barred by procedural requirements or res judicata. 308 Ark. at 211.) And in the absence of a statute providing otherwise, general rules as to judgments in civil actions apply to a judgment entered in an action to enforce an exemption from taxation. 84 C.J.S.Taxation § 305 (1954).
Thus, in this instance, it appears that the ruling in OmegaTube will apply as long as the manufacturers in question are not procedurally barred from claiming the exemption.[2] In this regard, the Arkansas Supreme Court has held that relief will be granted against void tax assessments, as distinguished from those which are erroneous on account of over-valuation where a statutory remedy by appeal is afforded. W.P. Brown Sons LumberCo. v. Sims, 146 Ark. 253, 255, 225 S.W. 322 (1920), citingClay County v. Brown Lumber Co., 90 Ark. 413, 119 S.W. 251
(1909).[3] The court stated the following in a case involving a tax exemption claim:
 It is true that appellee had a judicial remedy if the property was exempt from taxation . . . without resort to appeals from the tax assessment. Clay County v. Brown Lumber Co., 90 Ark. 413, 119 S.W. 251. There is no doubt that a court of equity may grant relief against a void or illegal tax assessment. W.P. Brown Sons Lumber Co. v. Sims, 146 Ark. 253, 225 S.W. 322; State v. Mississippi A. W.R. Co., 138 Ark. 483; 212 S.W. 317.
Burgess v. Four States Mem. Hosp., 250 Ark. 485, 494,465 S.W.2d 693 (1971).
It may therefore reasonably be concluded that the failure to appeal the assessment of property that is exempt, according toOmega Tube, from taxation will not prevent a manufacturer who has not paid the tax from obtaining relief against the assessment.
With regard to your second question, it is my opinion that the success of an exemption claim is not dependent upon whether the manufacturer assessed under protest. My research has yielded no support for the proposition that relief will be barred unless such a protest was made. The appropriateness of a county judge's order in this regard is, however, a matter to be determined by each judge. While I believe, as stated above, that a challenge to the assessment may be successfully mounted in the appropriate judicial forum, the county judges' decision regarding entry of such an order is not properly within the scope of an opinion from this office. It is the respective judges' prerogative to make that decision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The Arkansas Supreme Court has adopted the principle that voluntary tax payments cannot be recovered back. Omega Tube,supra, Rutherford v. Barnes, 312 Ark. 177, S.W.2d (1993);Thompson v. Continental Southern Lines, Inc., 222 Ark. 108,257 S.W.2d 375 (1953).
[2] The Omega opinion does not specify that it is to apply prospectively only.
[3] A tax on exempt property is, according to the court, "absolutely void." Ponder v. Richardson, 213 Ark. 238, 242,210 S.W.2d 316 (1948), citing 51 Am. Jur. 504.