DICKINSON, RECEIVER CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* HOUSLEY.

Opinion delivered July 9, 1917.

1. TAXES—ERRONEOUS ASSESSMENT—RECOVERY.—An action may be maintained for the recovery of taxes paid under an erroneous assessment, when the collector retains possession of the same, pending the result of the litigation.

2. TAXATION—ASSESSMENT FIXED BY TAX COMMISSION—CHANGE BY COUNTY.—The assessor and county board of equalization of a county are without authority to alter the assessments of railroad property made by the State Tax Commission; and a judgment giving a command to those officials with respect to the assessment of that kind of property is not binding on a taxpayer in a collateral suit to recover the amount illegally exacted.

3. TAXATION—UNIFORMITY.—Assessing officers can not be compelled to adopt a rate of assessment in a given county not in conformity with the rate of valuation fixed generally throughout the State.

4. TAXATION—RAILROAD PROPERTY—BOARD TO ASSESS.—The Act creating the State Tax Commission, *held* valid, in its provision for the assessment of railway property by the commission.

5. TAXATION—PAYMENT OF TAX ILLEGALLY ASSESSED—RECOVERY.— Where the county assessor and board of equalization raised the assessment of a railway company's property in the county for taxation, over that fixed by the State Tax Commission, the railway company may recover back the illegal tax paid under protest.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*T. S. Buzbee, H. T. Harrison* and *C. L. Johnson,* for appellant.

1. This suit was instituted in the proper forum. It is different from 30 Ark. 275 and 113 *Id.* 138. It is in the nature of a suit for money had and received.

2. The action of the county court in raising the assessment certified out by the State Tax Commission was illegal and void. Const., art. 16, § 5, Act 257, Acts 1909, Act 251, Acts 1911. The legislative will is supreme. The county board of equalization was without authority of law to raise the valuation certified by the Tax Commission. The power to assess railroad property is conferred upon the State Tax Commission, and it alone has the power. 127 Ark. 349.

*Gibson Witt,* for appellee.

1. This is merely a collateral attack upon the judgment of the United States District Court.

2. Under article 7, section 46, Constitution, only the assessor can assess property for taxation. Other agencies may be constituted by the Legislature to aid the assessor, but the assessor makes the assessment. Kirby's Digest, § 6970; 1 Desty on Taxation, p. 581; 49 Ark. 526; 92 *Id.* 493; 64 *Id.* 436.

2. When the Tax Commission certifies its findings of value to the assessor, its authority ends. Only the assessor can assess. The tax must be uniform and coexten-

sive with the territory to which it applies. 11 Enc. U. S. Sup. Ct. Rep. 382; 101 U. S. 153.

3. The case in 192 S. W. 202 is not parallel. The United States District Court had jurisdiction, and it can not be questioned. Only void judgments can be impeached collaterally. 46 Ark. 502. If appellant was entitled to any relief he should have gone to the Federal court. 11 A. & E. Ann. Cas. 744. The State court had no jurisdiction. 32 Ark. 676.

McCULLOCH, C. J. This is an action instituted by the receiver of the Chicago, Rock Island & Pacific Railway Company against the tax collector of Garland County to recover taxes alleged to have been assessed in excess of the amount legally authorized, which were paid to the collector under protest. The cause was heard upon an agreed statement of facts, and the court rendered judgment in favor of the defendant, from which the plaintiff has prosecuted an appeal.

The facts, as recited in the agreement, are that the State Tax Commission assessed the property of the railroad for the taxes of 1916 and certified to the assessor of Garland County the apportionment to that county of its part of the aggregate value of the railroad and the assessor of Garland County entered the same upon the tax books, but subsequently the board of equalization raised the assessment for county purposes and road and bridge purposes 50 per cent. of the value as certified by the State Tax Commission. In other words, the State Tax Commission apportioned to Garland County the value of the railroad property amounting to $189,957, which was entered on the tax books by the assessor, but the board of equalization raised the value to $284,953, and the taxes were extended on the last mentioned valuation fixed by the board of equalization. The receiver of the company applied to the collector to pay the taxes according to the valuation made and apportioned by the State Tax Commission, but the collector refused to accept the amount and the receiver paid the full amount demanded under

protest, and brings this suit to recover the amount paid in excess of the amount extended according to the value fixed by the State Tax Commission.

(1) It is agreed that the money was in the hands of the tax collector at the time of the commencement of the suit and was retained by him to await the final decision in the cause, so, if it be found that the amount demanded by the collector was in excess of the legal amount of taxes due on the property, the plaintiff is entitled to recover. *Sanders* v. *Simmons,* 30 Ark. 275; *First National Bank of Fort Smith* v. *Norris,* 113 Ark. 138.

(2) The validity of the increase of the assessment is sought to be sustained under authority of a judgment of the United States District Court for the Western Division of the Eastern District of Arkansas in an action instituted by one of the creditors of Garland County against the assessor and board of equalization of that county, commanding those officers to assess all property in the county at its true value in money. The judgment of the Federal court was rendered by consent of the parties thereto. The members of the State Tax Commission were not parties to that action. Conceding, without deciding, that a judgment of that kind against the assessor and board of equalization of the county was binding on taxpayers as to the validity of the assessment made pursuant to the judgment, it certainly did not bind railroad property which is, under the statute, assessable only by the State Tax Commission. The statutes of this State (Acts of 1911, page 235) provide that the property of railroad, express, sleeping car, telegraph, telephone and pipe line companies shall be assessed by the State Tax Commission and that the value shall be apportioned by that commission to the several counties in the State. This is the only authority for the assessment of that kind of property, and the statute does not confer authority upon the county boards of equalization to raise or lower the values of the property thus assessed. Both the assessor and the board of equalization being without power to alter the assessments of railroad property made by the

State Tax Commission, it necessarily follows that a judgment giving a command to those officials with respect to the assessment of that kind of property is not binding on a taxpayer in a collateral suit to recover the amount illegally exacted.

(3)   We have already decided that assessing officers can not be compelled to adopt a rate of assessment in a given county not in conformity with the rate of valuation fixed generally throughout the State.   *Nelson* v. *Meek, Assessor,* 127 Ark. 349, 192 S. W. 202.

It is contended, however, that the statute authorizing assessments of railroad property by the State Tax Commission is unconstitutional for the reason that there is a provision in the Constitution for the election of a county assessor, and that it is necessarily implied from that provision that the Legislature can not authorize an assessment made by any other officers.   Formerly the assessment of railroad property was made by the State Board of Railroad Assessors, composed of the Governor and certain other State officials, and in the case of *Little Rock & Fort Smith Ry.* v. *Worthen,* 46 Ark. 312, the constitutionality of that statute was assailed on the ground that it provided for a different method of assessing that character of property from that authorized for the assessment of property generally.   This court sustained the method of assessment and in effect held that the Legislature had the power to create a State board to assess that kind of property.   The question was again raised in *St. L., I. M. & S. Ry. Co.* v. *Worthen,* 52 Ark. 529, where the court again declared the constitutionality of that method of assessing railroad property.   The subject was again discussed in the case of *Railway* v. *Williams,* 53 Ark. 58, and the other cases were referred to as upholding that method of assessment of railroads on the ground that such property should be assessed as a unit.   It does not appear that in any of those cases it was insisted, as in the present case, that the provision of the Constitution with reference to the election of a county assessor was the exclusive method of assessing property of all kinds.

(4-5)   We must, however, treat the question as settled that the statute authorizing the assessment of this kind of propery by a State board created for that purpose is not in conflict with the Constitution. The increase of valuation by the board of equalization was, therefore, unauthorized and illegal, and plaintiff, having paid the amount under protest, it follows that he is entitled to recover from the collector, who still has the funds in his hands. The judgment of the circuit court is, therefore, reversed and the cause is remanded with directions to enter a judgment in favor of the plaintiff for the amount illegally exacted as set forth in the complaint.