WHITE RIVER LUMBER COMPANY *v.* ELLIOTT.

Opinion delivered December 20, 1920.

1. TAXATION—DISCRIMINATION AGAINST NONRESIDENTS.—Acts 1917, vol. 2, p. 2173, § 2, as amended by Special Acts 1919, p. 180, § 2, providing for an acreage tax upon nonresidents' land in Arkansas County for the purpose of working roads, is unconstitutional as violating Const. 1874, art. 16, § 5, providing that all property shall be taxed according to its value, making the taxes equal and uniform throughout the State.

2. TAXATION—PAYMENT UNDER PROTEST—RECOVERY.—Where the tax collector could have sold lands for nonpayment of taxes which would have constituted a cloud on the owner's title, the latter may recover taxes paid by him under protest when levied under an unconstitutional statute.

Appeal from Arkansas Circuit Court, Southern District; *W. B. Sorrells,* Judge; reversed.

### STATEMENT OF FACTS.

The White River Lumber Company, a nonresident corporation, brought this suit against R. H. Elliott, sheriff and collector of Arkansas County, Arkansas, to recover the sum of $2,121.51.

The complaint alleges that the collector of Arkansas County demanded of the plaintiff a tax of ten cents per acre upon its lands in said county upon the pretended authority of act 472 of the Legislature of 1917 amended by act No. 102 of the Legislature of 1919; that the defendant refused to permit the plaintiff to pay the taxes legally assessed against its lands unless it paid said illegal tax of ten cents per acre as aforesaid; that plaintiff paid said taxes under protest and notified the defendant at the time that he would be called upon to refund the amount so paid; that the defendant still has and retains in his possession the amount of said taxes and has not paid the same over to the county treasurer. The plaintiff alleges that the act under which the taxes so collected were levied is discriminatory and unconstitutional.

The circuit court sustained a demurrer to the complaint and the plaintiff having declined to plead further, the demurrer was sustained, and the complaint was dismissed at the cost of the plaintiff. The plaintiff has appealed.

*Buzbee, Pugh & Harrison* and *A. S. Buzbee,* for appellant.

The tax is unconstitutional, and the court erred in sustaining the demurrer. The acts are unconstitutional. Article 16, § 5, Const. Ark.; art. 14, § 1, Const. U. S.

They are clearly a discrimination against nonresidents of this State and clearly prohibited by the Constitution.

*E. W. Brockman,* for appellee.

The taxes, alleged to be an illegal demand, were paid voluntarily, with full knowledge of the facts, and the same can not now be recovered. 107 Ark. 24 settles this case. The common law rule is settled by 97 U. S. 181; 98 *Id.* 541.

HART, J. (after stating the facts). The decision of the circuit court was wrong. The Legislature of 1917 passed an act regulating the working of public roads and highways in Arkansas County, and providing a tax therefor. Acts of 1917, volume 2, page 2173. Section 1 provides that all nonresidents of the State of Arkansas owning land in Arkansas County shall pay an annual road tax of $4.50, and that said tax shall be collected in the same manner that other taxes are collected.

The Legislature of 1919 passed an act for the better working of roads in Arkansas County which is amendatory to the act passed in 1917. Special Acts of Arkansas, page 180. Section 2 of that act provides that the tax against nonresidents of the State of Arkansas owning land in Arkansas County as provided for in section 16 of act 472, approved March 28, 1917, shall be ten cents per acre per annum for each acre of land owned instead of $4.50 per owner. The section further provides that the tax shall be collected each year in the same manner as other taxes are collected.

The act is unconstitutional. Section 5, article 16 of the Constitution of 1874 provides that all property subject to taxation shall be taxed according to its value, to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. The section further provides that one species of property from which a tax may be collected shall not be taxed higher than another species of property of equal value.

It is apparent from reading the section of the constitution just referred to, that the act under consideration is in violation of its provisions. It provides for a road tax of ten cents per acre upon the land of nonresidents when no such tax is imposed upon the land of residents of this State. Hence the act is discriminatory and must be declared unconstitutional.

The question of whether the Legislature could impose an acreage tax for road purposes on lands generally is not involved in this suit; for the act in question only imposes such tax upon the lands of nonresidents. Therefore we do not pass upon the question of whether or not such a tax could be imposed upon all lands alike.

It is insisted, however, that the tax was paid voluntarily, and on that account can not be recovered. In making this contention counsel for the defendant rely on the case of *Brunson* v. *Board of Directors,* 107 Ark. 24. In that case the landowner in a levee district made a payment. of taxes under an illegal assessment with knowledge of the facts, and the court held that the payment was voluntary, and that the taxes could not be recovered. In that case, if the landowner had refused payment to the collector, the latter had no authority to levy upon and seize his lands to enforce payment. The statute required suit to be brought by the board of directors of the levee district to collect the taxes. The landowner could have made his defense in that suit, and thus would have had his day in court.

In the instant case the collector could have sold the lands for the nonpayment of the taxes, and this would have constituted a cloud upon its title. To prevent this the owner had the right to pay the taxes under protest and then sue the collector to recover them. This brings the case within the principle announced in *Dickinson* v. *Housley,* 130 Ark. 259.

It follows that the judgment must be reversed and the cause will be remanded for further proceedings according to the law and not inconsistent with this opinion.