WALTON *v.* ARKANSAS COUNTY.

Opinion delivered April 24, 1922.

TAXATION—RECOVERY OF ERRONEOUS ASSESSMENT.—Crawford & Moses' Dig., § 10180, providing for recovery of taxes erroneously assessed, has no application to the special road tax of ten cents an acre on lands belonging to nonresidents and situated in Arkansas County provided by Acts 1917, vol. 2, p. 2173; the former section referring to assessments made by the assessing officers or boards.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

Appellant *pro se.*

The authorities agree that an unconstitutional statute is no statute, has no power, cannot be enforced. There was therefore in this case no taxing power. This is not a case of erroneous assessment, but the tax was invalid. There was a clear excess of power, and the property should have been exempt from the assessment of this nonresident land tax. Appellant was entitled to a refund of the taxes paid, under the provisions of the statute, C. & M. Digest, § 10180. 90 Ark, 413; 46 *Id,*

358; 37 Cyc. 1172; 6 R. C. L. 117; Am. & Eng. Ann. Cas. 1916-C, p. 227; *Id.* 1913-A, p. 471.

*W. J. Wagoner* and *Botts & O'Daniel,* for appellee.

The tax was not paid under compulsion within the legal meaning of the term, but, on the contrary was paid without protest, as found by the trial court. An illegal tax voluntarily paid cannot be recovered by the taxpayer. 107 Ark. 24; 98 U. S. 541, 543; 97 *Id.* 181. See also 37 Cyc. 1179; *Id.* 1180; 65 Ark. 155, 157; 46 *Id.* 358.

SMITH, J. This cause was heard in the court below on an agreed statement of facts, which may be summarized as follows. Walton is a nonresident of the State and is the owner of 1,573 acres of land in Arkansas County, and when he paid the taxes thereon for the year 1919 there was included in the taxes charged against him a special nonresident land tax of ten cents per acre. Walton paid this tax without knowing that it had been included in his receipt. This acreage tax was levied pursuant to a special act of the 1917 session of the General Assembly (Acts 1917, vol. 2, p. 2173) regulating the working of public roads in Arkansas County and providing a tax therefor. This act was held unconstitutional by this court in the case of *White River Lumber Co.* v. *Elliott,* 146 Ark. 551, on December 20, 1920. It was stipulated that, while Walton did not know this tax had been charged against his lands and included in his receipt, his lands would have been returned as delinquent and sold by the collector of taxes if this tax had not been paid.

After the decision of this court holding the special act unconstitutional, Walton filed a petition in the county court of Arkansas County asking the refund of this tax. The petition therefor alleged that of the tax so paid $24 had been placed to the credit of Road District No. 7, and $123.30 to the credit of Road District No. 6. These districts were not improvement districts. They were two of the districts into which the county had been divided under the road law for general road working purposes. The petition for the refund of this tax was filed in the office of the clerk of the county clerk on May 3, 1921, and was dis-

allowed by the county court on the same day. A similar order was made by the circuit court on appeal from the county court.

In the case of *White River Lbr. Co.* v. *Elliott, supra,* the lumber company paid its taxes under protest and notified the collector at the time that he would be called upon to refund the acreage tax then paid, and suit was brought against the collector while these taxes were still in his hands. We held in that case that, as the collector could have sold the lands for the non-payment of the taxes, and would have done so if they had not been paid, this would have constituted a cloud on the title, to prevent which the owner had the right to pay the taxes under protest and then sue the collector to recover them.

This proceeding was not instituted until more than a year had elapsed after the payment of the tax; in fact, it is a proceeding under section 10180 of Crawford & Moses' Digest, which reads as follows: "In case any person has paid or may hereafter pay taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the said court shall make an order refunding to such person the amount of the county tax so erroneously assessed and paid, and, upon production of a certified copy of such order to the Auditor, he shall draw his warrant on the State Treasurer for the amount of State tax erroneously assessed and paid. Such warrant shall be paid out of the appropriation to pay moneys arising from the erroneous assessment and collection of taxes. But in case there shall be no appropriation, or the appropriation shall have been exhausted, then the Auditor shall issue a certificate of indebtedness therefor."

It is the insistence of the petitioner that this section of the statute, as interpreted by this court in the case of *Clay County* v. *Brown Lumber Co.,* 90 Ark. 413, entitles him to have an order made by the county court directing the refund of the acreage tax which he paid.

We think, however, that the section quoted above does not authorize this proceeding. It is true that, in in-

terpreting this section (section 7180, Kirby's Digest) in the case of *Clay County* v. *Brown Lumber Co., supra,* the court said: "If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest, § 7180, give the owner a remedy for refunding of such taxes thus erroneously paid." But this language was used with reference to an "erroneous assessment," and the case of *Lyman* v. *Howe,* 64 Ark. 436, defines what is meant by an assessment of land for taxation, as follows: "The duty to assess devolves upon the assessor. Sand. & H. Dig., § 6485. No one else can perform that duty. Welty, Assessments, sec. 10. 'An assessment is an official listing of persons and property, with an estimate of the property of each, for the purpose of taxation.' Cooley, Tax. p. 351; Welty, Assessments, sec. 2.

"'All property subject to taxation shall be taxed according to its value.' Const. Ark. art. 16, sec. 5. So the fixing of some value upon property is indispensable to its assessment for taxation. Welty, Assessments, sec. 430. When the assessor does this in the first instance, then the board of equalization may equalize this valuation with the average valuation of other land, by raising or reducing same as the case may require, so as to fix its true value. Sand. & H. Dig., sec. 6530; *People* v. *Hastings,* 29 Calif. 451."

The tax here sought to be recovered was not assessed. It had no relation to and was not dependent upon the value of the land. It was not fixed by the usual assessing agencies. The Legislature itself fixed the tax as an imposition against the lands of that county for road-building purposes, on the arbitrary basis of ten cents for each acre owned by any nonresident of the State. Section 10180, C. & M. Dig., does not apply to such an imposition, and the relief prayed was properly denied.