Paschal *v.* Munsey.

Opinion delivered February 23, 1925.

1.  Counties—refund of erroneous taxes.—Where the taxes for county purposes were assessed on the usual 50 per cent. basis, and were doubled by order of the levying court, a proceeding by taxpayers for a refund under Crowford & Moses' Dig., § 10180, was proper, the double assessment being unauthorized and erroneous within the statute.

2. TAXATION—WHEN PAYMENT NOT VOLUNTARY.—The payment of
taxes under an erroneous assessment without objection to the
levying of the tax was not voluntary within the rule that pro-
hibits the recovery of taxes voluntarily paid, since the collector
could and would have sold the property assessed for nonpay-
ment of the taxes.

3. TAXATION—PAYMENT VOLUNTARY WHEN.—Payment of taxes by a
railroad company under an erroneous assessment not objected is
voluntary since the illegality could be set up as a defense in an
action to enforce the collection.

Appeal from Perry Circuit Court; *Marvin Harris,*
Judge; judgment modified.

*J. E. Brazil* and *W. H. Donham,* for appellant.

Crawford & Moses' Digest, § 10180, has no applica-
tion to this case.   Appellees do not seek the refund on the
ground that the doubling of the assessed values consti-
tuted an erroneous assessment, but solely on the grounds
that the action of the quorum court in making a levy of
two and one-half mills for a "county redemption fund"
was illegal and void.   Such being the   case,   appellees
should have objected to the levy, as provided in C. & M.
Digest § 9870, 9871.   That levy was not erroneous with-
in the meaning of § 10180, *supra,* 90 Ark. 413.   Appellees
can not recover the refund because the payments were
voluntary.   *C. R. I. & P. Ry. Co. v. Brazil,* ms. op. Nov.
24, 1924; 107 Ark. 24; 97 U. S. 181; 98 U. S. 541; 143 Ark.
435; 145 Ark. 185; 153 Ark. 337; 130 Ark. 520; 95 Ark.
501; 86 Ark. 165; 74 Ark. 270; 48 Ark. 70; 37 Cyc. 1178-79.

*G. B. Colvin,* for appellees.

The payment of the excess amount of taxes was the
result of an erroneous assessment, within the meaning of
C. & M. Digest § 10180. Bouvier's Law Dict.; "Erro-
neous." We agree that 90 Ark. 413 should largely con-
trol here.   Certainly the quorum court exceeded its ju-
risdiction, and its act in doubling the assessment for the
county tax was erroneous, and would have been erroneous
even if done by the county   assessor   in   the   regular
way. 162 Ark. 443. We confess error with respect to excess
payment made by the receiver for Fourche River Valley
and I. T. Ry. Co., since under the previous holding of

the court in *Railway* v. *Bazil*, that payment was voluntary, but as to all other appellees the payments were involuntary, and they were entitled to have the excess refunded. 107 Ark. 24.

SMITH, J.   Appellees, eighty-four in number, filed a joint petition in the county court of Perry County for the refund of taxes paid by them for the year 1922, and, upon the appeal from the judgment of the county court to the circuit court, the cause was heard on an agreed statement of facts, from which we copy the following essential recitals:

Con Grabel had recovered a judgment in the United States District Court for the Eastern District of Arkansas, Western Division, against Perry County, and, to secure its enforcement and payment, a mandamus had been issued to the assessing officers of that county, directing that an assessment for county purposes be made of 100 per cent. of the market value, instead of 50 per cent., as is customary. Such an assessment had been made for the taxes for the year 1921, and sufficient revenue had been raised to satisfy this judgment.

An assessment for 1922 taxes had been made on the customary basis of 50 per cent. of the market value of the property assessed, when the levying court, at its regular session for levying taxes at the October term, 1922, entered an order directing the county clerk to double this valuation for county purposes, and to extend the taxes on that basis.

Pursuant to this order, the county clerk, in making up the taxbooks, doubled the valuations made by the assessing officers for county purposes, and the collector proceeded to collect the taxes on that basis. No notice was given that the levying court intended to take this action, and it is stipulated that the taxes would not have been received by the collector on any other basis, and that, had the taxpayer "failed and refused to pay the tax caused and occasioned by said increased valuations, all of the property (of appellees) subject to said taxes would have been immediately seized and sold for said

increased taxes and the other taxes against said property for the year 1922, as provided by law.''

Petitioners made no objections to the levying of the tax by the levying court under §§ 9870, 9871 and 9872, C. & M. Digest, but brought this proceeding under § 10180,, C. & M. Digest.

As a part of the agreed statement of facts, a schedule was attached showing the amount of tax paid by each petitioner for county purposes as a result of this order of the levying court.

It was further stipulated that the county treasurer had in his hands these funds.

The court below rendered a judgment awarding the relief prayed, and the county has appealed.

For the reversal of the judgment of the circuit court it is very earnestly insisted that § 10180, C. & M. Digest, under which petitioners proceeded, does not authorize the proceeding, for the reason that the assessment complained of is not an erroneous assessment within the meaning of that statute.

By this section it is provided that ''in case any person has paid or may hereafter pay taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the said court shall make an order refunding to such persons the amount of the county tax so erroneously assessed and paid,    *    *    *.'' We think this proceeding is authorized by that section, and the taxes which petitioners seek to recover were paid under an ''erroneous assessment'' within the meaning of that section.

In the case of *Clay County* v. *Brown Lumber Co.*, 90 Ark. 413, the taxpayer complained of an overvaluation, and proceeded under § 7180, Kirby's Digest (which is now § 10180, C. & M. Digest) for relief, but relief was denied upon the ground that this section of the statute was not intended to afford relief in such cases, for the reason that an excessive valuation was not an erroneous assessment within the meaning of that statute.

The court defined what was meant by an erroneous assessment, and, in doing so, said: "It is urged by the appellee that an excessive valuation of property is an erroneous assessment thereof within the meaning of § 7180 of Kirby's Digest, so that a remedy is here given to one who has paid taxes under these circumstances, by having the taxes refunded. But we do not think that the term 'erroneously assessed,' as used in said section, refers to an overvaluation of the property. The term 'erroneous assessment,' as there used, refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature; and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of the property."

The levying court had no authority to double the valuations. The judgment of the Federal court had been paid, but, if it had not been paid, the court was without authority to change the valuations.

In the case of *Summers* v. *Brown*, 157 Ark. 509, it was said: "It may also be observed that the quorum court (the levying court) had no authority whatever to assess or approve an assessment of value for the purposes of taxation."

And in the case of *State ex rel. Craighead County* v. *St. L. S. F. R. Co.*, 162 Ark. 443, where there was an outstanding unsatisfied judgment of the Federal court and a mandamus pursuant thereto directing the assessing officers to double the regular assessment of value for county purposes, we held that this order could be executed only by the proper assessing officer.

The principles announced in the case of *Dickinson* v. *Housley,* 130 Ark. 259, support the judgment of the court below in this case.

It is insisted that the refund of the taxes so erroneously assessed should be refused for the reason that they were paid voluntarily. We have held, however, that, where the collector could have sold the property assessed for the nonpayment of the taxes, and would have done

so if they had not been paid, that action would have constituted a cloud on the title, to prevent which the owner had the right to pay the taxes and to thereafter sue to recover them. *White River Lbr. Co.* v. *Elliott,* 146 Ark. 551; *Walton* v. *Arkansas County,* 153 Ark. 285.

The last-mentioned case is cited by counsel for appellant as authority for holding that the tax here in question cannot be recovered back. That case was one in which a taxpayer had proceeded under § 10180, C. & M. Digest, to recover a special road tax which he had paid the tax collector, of ten cents an acre, levied by a special act of the General Assembly on all lands in Arkansas County belonging to nonresidents of that county. We there held that relief could not be afforded the taxpayer, although the tax was illegal, but we did so for the reason stated, that the tax sought to be recovered was not assessed within the meaning of that statute, as it had no relation to and was not dependent upon the value of the lands and had not been levied by the usual assessing officers, but was a tax which the Legislature had itself fixed on an arbitrary basis.

It appears, from the facts herein stated, that this litigation arises out of facts very similar to those stated in the opinion of this court in the recent case of *C. R. I. & P. Ry. Co.* v. *Brazil,* 166 Ark. 246, and it is insisted that inasmuch as we there held that the railroad company could not recover back the tax it had paid, for the reason that the payment was voluntary, we should, for the same reason, hold here that these petitioners cannot recover. This does not follow. We there pointed out the difference in procedure in enforcing payment of delinquent taxes due by railroads from that employed against other taxpayers, and we need not repeat here what we there said. It suffices to say that, because of this difference in procedure, the payment by the railroad company was voluntary, whereas the payment by petitioners was not.

It does appear, however, that one of the petitioners operated a short line railroad as receiver, and that $315.23 of the taxes paid by him was paid on this rail-

road property. It is therefore conceded by the attorney for the receiver—upon the authority of *C. R. I. & P. R. Co.* v. *Brazil, supra*—that the taxes paid by the receiver on this railroad was voluntary, and that the judgment in the receiver's favor must be reduced to this extent, and it will be so ordered. In all other respects the judgment of the court below is correct, and will be affirmed. It is so ordered.