COOK *v.* SURPLUS TRADING COMPANY.

Opinion delivered October 13, 1930.

*Sam T. Poe* and *Tom Poe*, for appellant.

*Rose, Hemingway, Cantrell & Loughborough*, for appellee.

PER CURIAM. As pointed out in our original opinion, under § 9889 of the Digest all property assessed in this State shall be assessed by the duly authorized authorities

according to its value on the first day of May. The record shows that appellee failed to assess its personal property, and that the clerk put the same on the tax roll as omitted property, and the assessor duly assessed the same under the provisions of 9906 and 9910 of the Digest. In making the assessment, however, the county assessor assessed the property in a lump sum of the value of $100,000. A part of this property was situated at that date on the Camp Pike Military Reservation, and was not subject to assessment by the State authorities. *Surplus Trading Co.* v. *Cook,* 281 U. S. 647, 50 S. Ct. 455, 74 L. ed. 625.

On the date of May 1, 1922, there was stored in the Terminal Warehouse in the city of Little Rock blankets of the estimated value of $20,000. These blankets should have been assessed by the county assessor. We are asked now to direct the chancery court to segregate these blankets from the others and make the assessment. It is not within the province of the courts to assess property. Under our Constitution and laws, the duty of assessing all property devolves upon the assessor, and no one else can perform that duty. *Lyman* v. *Howe,* 64 Ark. 436, 42 S. W. 830; and *Walton* v. *Arkansas County,* 153 Ark. 285, 239 S. W. 1054. Courts can only review the assessments made by the assessing officers and have no power under our Constitution and laws to make the assessments.

Therefore the decree of the chancery court will be reversed, and the cause will be remanded with directions to the chancery court to direct that the county assessor shall make an assessment of the blankets and other personal property of appellee which was situated in the Terminal Warehouse in the city of Little Rock, Pulaski County, Arkansas, on the first Monday of May, 1922. In all other respects, the decree of the chancery court will be affirmed.