## WALTER et al. v. HAMMONDS et al.
### No. 4081.

Court of Civil Appeals of Texas. Texarkana.

Oct. 8, 1931.

O. F. Wencker, of Dallas, for appellants.

Scott, Casey, Hall & McHaney, of Longview, for appellees.

LEVY, J. (after stating the case as above).

The pertinent points presented by the appeal are that (1) there was no sufficient grounds for injunction set forth in the appellee's petition, and (2) the title and possession of the particular acreage in controversy was in the appellants and not in the appellee.

It is believed there is sufficiently alleged in the appellee's petition the existence and the nature of the right which is claimed to be entitled to protection by injunction. There was made to appear affirmatively in the appellee the right to prospect and bore wells for gas and oil on the land, with the right to a part of all the oil and gas discovered. The lease, creating the right, was upon the entire acreage within the field notes of the land, as set out in the written instrument. The defendants are "making claim to the leasehold rights to the land or a portion thereof covered by the plaintiff's lease." And there was averment of threatened substantial injury, "The defendants, or some of them, are about to enter upon said premises and install machinery for the purpose of exploring for the minerals thereunder and to appropriate the same to their own use and benefit." That is more in the nature of the statement of a fact than mere conjecture of threatened injury. The applicable rule is that "if such injury is threatened and impending to property rights an injunction will be granted." 32 C. J. p. 42.

As to whether the title and possession of the 26 acres claimed as excess acreage should be held to be in appellant and not appellee would be entirely dependent upon the evidence in the case. That question cannot be determined until a final hearing be had on the merits. If the 26 acres were within the lease of appellee, as seemingly is, she would be entitled to the exclusive right to explore the premises for oil and gas and any infringement of that right by active drilling would be an act prejudicial to her. In virtue of that lease the apparent right in and constructive possession of all the described acreage the field notes would actually include, would be regarded in appellee for the purpose of an interlocutory injunction. An interlocutory injunction is merely a provisional remedy granted before a hearing on the merits to preserve the subject in controversy in its then existing condition and, without determining any question of right, merely to prevent the doing of any act whereby the right in controversy may be injured or endangered. 32 C. J. p. 20.

The order is affirmed.