MOORE v. BRASEL.

4-3281

Opinion delivered January 15, 1934.

552

*J. Loyd Shouse, A. B. Arbaugh, W. S. Moore* and *Jack Holt,* for appellant.

*S. W. Woods,* for appellee.

JOHNSON, C. J., (after stating the facts). It will be seen from the foregoing statement of facts that appellant is a subsequent creditor seeking to set aside a conveyance made some years prior to the creation of his debt.

This court held in *Jenkins* v. *Smith,* 170 Ark. 806, 281 S. W. 377: ''In order for a subsequent creditor to secure the avoidance of a voluntary conveyance, the intention to defraud existing or subsequent creditors must be proved by the facts and circumstances surrounding the transaction, and the presumption of such intention will not be indulged from the execution of a voluntary conveyance.''

It will thus be seen that no presumption can be indulged that the gift of the old Brasel farm by James Brasel to his wife was fraudulent in aid of appellant's rights. The intent to defraud subsequent creditors is not

made to appear merely because of outstanding liabilities against the grantor; these liabilities must be shown to have been in excess of all property retained by him. The chancellor found, from the testimony, that James Brasel was solvent at the time the gift was made to his wife, and we think this finding is supported by the testimony. At any rate, we are unwilling to hold that the chancellor's finding to this effect was clearly against the preponderance of the testimony. In this view the chancellor's findings should not be disturbed. *Arnold* v. *McBride,* 78 Ark. 275, 93 S. W. 989; *Eureka Stone Co.* v. *First Christian Church,* 86 Ark. 212, 110 S. W. 1042; *Craig* v. *Craig,* 90 Ark. 40, 117 S. W. 765; *Waite* v. *Stanton,* 104 Ark. 9, 147 S. W. 446; *Nevada County Bank* v. *Sullivan,* 122 Ark. 235, 183 S. W. 169.

Neither is any question of estoppel presented here. Appellant is not only a subsequent creditor, but is a secured one as well. As late as 1931, the security held by him was reasonably worth twice the amount of his debt. Under these circumstances, appellant was not injuriously misled by the outstanding title to this piece of property. Moreover, the title was never in the name of James Brasel; therefore it cannot be said that James Brasel did any affirmative act, in reference to this title, which has misled appellant. The contention that James Brasel told appellant at the time that he borrowed this money that he was the owner of the Hudson farm is flatly contradicted by James Brasel.

The contention that Lulu Brasel permitted her husband to improve the property, collect rents therefrom and to pay taxes thereon are likewise without merit. It was the natural thing for a wife to do to permit her husband to perform these duties. Neither fraud nor estoppel can, or should be, based upon these acts.

It is true, of course, that, where a wife permits her husband to handle her property as his own, holding out to creditors this indicium of ownership, the wife thereby estops herself to assert ownership as against creditors who contract on the faith of this *prima facie* ownership, but such are not the facts of this case.

Neither is the contention that appellant's money was used by James Brasel in extinguishing prior indebtedness, thereby subrogating appellant to all rights of existing creditors, established by the testimony. The chancellor found, and we concur, that appellant's money was not in fact used for such purpose.

Since the chancellor's findings of law and facts conform to the views here expressed, the decree must be affirmed.