YELVINGTON v. MITCHELL.

4-3982

Opinion delivered November 25, 1935.

W. W. Sharp and George W. Clark, for appellant.

A. G. Meehan and John W. Moncrief, for appellees.

JOHNSON, C. J. W. H. Robinson died in 1884 and left surviving, his widow and four children, namely: James, Olivia, Minerva and Vee. At the time of his

death he owned and was in possession of 80 acres of land situated in Monroe County. Sometime prior to 1895 the widow of W. H. Robinson, deceased, married a Doctor Boals, and there was to this marriage, one child, Elmer Boals, born. Mrs. Boals died in 1895 and left surviving her husband, Dr. Boals, and Elmer Boals, issue of this marriage, and the children of her former marriage. Mrs. Boals at the time of her death owned, in her own right, 180 acres of land situated in Monroe County and also in addition, some city property located in Clarendon. James Robinson died without issue and unmarried in 1902. After the death of James Robinson in 1902, Minerva E. Yelvington, nee Robinson, took possession of 100 acres of the land belonging to the estates of her father and mother and has continuously since that time occupied same up to the filing of this suit. About the same date last mentioned Olivia Hawkins, nee Robinson, took possession of an 80-acre tract belonging to said estates, and Vee Littleton, nee Robinson, took possession of another 80-acre tract belonging to said estates, and they respectively have continued to occupy same. Dr. Boals died in 1915, and the estate property located in Clarendon was taken possession of by Elmer Boals, and he has continuously collected rents and profits therefrom. Olivia Hawkins, nee Robinson, died some time prior to 1921 and left surviving, Virginia Tichenor, nee Hawkins, and her husband, R. E. Hawkins. In 1921 Minerva E. Yelvington and Vee Littleton acquired by purchase in equal parts the curtesy estate of R. E. Hawkins in and to the 80-acre tract previously occupied by Olivia, or her undivided interest as heir-at-law, in the estates of her father and mother. In 1925 Vee Littleton acquired by purchase the reversionary interest of Virginia Tichenor, nee Hawkins, in and to said estates; Vee Littleton subsequently acquired by purchase from Minerva E. Yelvington the undivided curtesy estate of R. E. Hawkins. In September, 1927, Vee Littleton conveyed her interests in the estates of her father and mother to her two daughters, Nancy and Roselle Littleton for a recited consideration of $1. This suit was filed by Nancy Mitchell, nee Littleton and Roselle Littleton in the Mon-

roe Chancery Court seeking partition of said estates and all interested parties therein were made parties thereto.

Minerva E. Yelvington, appellant here, filed her answer to said complaint in which she affirmatively pleaded a family partition and settlement of the estate belonging to her father and mother and actual occupancy and possession by the respective distributees for a long period of years. She also filed a cross-complaint against the plaintiffs and their mother, Vee Littleton, in which she alleged that she furnished and paid the purchase money to R. E. Hawkins and Virginia Tichenor at the special instance and request of Vee Littleton for their respective interests in and to said estates and for these advances and others to Vee Littleton; that she had in 1921 filed suit in the circuit court of Faulkner County against the said Vee Littleton to recover judgment for the sums advanced, and that on the 21st day of July, 1933, she recovered judgment for the sum of $2,376.97; that the conveyances from Vee Littleton to plaintiffs were colorable and fraudulent, same having been executed with the intention to cheat, hinder and delay cross-complainant and other creditors in the collection of their debts.

The issues thus stated present the decisive issues on this appeal. On the trial the chancellor determined that there was a family settlement of the estates among the interested parties many years prior to the filing of this suit, and each heir was decreed, in kind, the respective interests in the estates heretofore stated. No serious contention is made in reference to this finding of fact. The chancellor determined also that the conveyance from Vee Littleton to plaintiff was not fraudulent and dismissed the cross-complaint in this respect, and this is the principal contention urged on this appeal. On this issue the testimony in behalf of appellant reflects that over a period of years prior to 1927 appellant, Minerva E. Yelvington, loaned or advanced to Vee Littleton various sums of money, some of which was used to purchase the curtesy interest of R. E. Hawkins, deceased; some of which was used to purchase the reversionary interests of Virginia Tichenor, nee Hawkins, in said estates, and

some of which was used for general family purposes, and aggregating more than $2,000; that in the early part of 1921, appellant was urging payment by Mrs. Littleton of her demands or that she be secured to this end; under these circumstances the deed was executed by Vee Littleton to plaintiffs for a nominal consideration, and that this conveyance denuded Vee Littleton of all her visible property save a house and lot situated in Clarendon, of little value. The testimony on behalf of appellees tended to show that the deed from Vee Littleton to her daughters was made at the direction and with the knowledge and consent of appellant; also that the city property retained by Vee Littleton at the time of this conveyance was amply sufficient to pay all her outstanding debts. Without further detailing the testimony adduced on these issues, which would serve no useful purpose as a precedent, it may be said that the chancellor's findings do not appear to be against the clear preponderance of the testimony. *Townes* v. *Krumpen,* 184 Ark. 910, 42 S. W. (2d) 1083; *Moore* v. *Brasel,* 188 Ark. 550, 66 S. W. (2d) 1068.

True it is that Mrs. Yelvington's acts in advising her sister to convey this property to her daughters seem to be inconsistent with all her other acts in the circumstances of this case, yet this seemingly inconsistent attitude is established by credible witnesses, and we are unwilling to disbelieve where the chancellor has given full credence.

It is an established rule of law, adhered to by all courts, so far as we are advised, that a party cannot maintain an action for a wrong where he or she has consented to its commission. This rule finds support in our own cases where we have many times held that money voluntarily paid cannot be recovered merely because such claim was grounded on an invalid or unenforceable demand. *Gates* v. *Bank of Commerce & Trust Company,* 185 Ark. 502, 47 S. W. (2d) 806; *Dickinson* v. *Housley,* 130 Ark. 259, 197 S. W. 25; *White River Lumber Company* v. *Elliott,* 146 Ark. 551, 226 S. W. 164; *Board of Directors* v. *Dunbar,* 107 Ark. 285, 155 S. W. 96. For a general statement of the doctrine, see 1 Amer. & Eng.

Enc. of Law and Practice, § 1022. See also *Beckerle* v. *Danbury*, 80 Conn. 124, 67 Atl. 371.

Moreover, the testimony is in irreconcilable conflict in reference to the value of the property retained by Vee Littleton at the time she executed this alleged fraudulent conveyance to her daughters and we are unwilling to say that a clear preponderance of the testimony shows that this conveyance denuded Vee Littleton of property to the extent that she retained insufficient to pay her creditors at that time. *Jackson* v. *Banks,* 182 Ark. 1185, 33 S. W. (2d) 40; *McDonald* v. *Dorfman,* 182 Ark. 1185, 32 S. W. (2d) 443.

It is also urged that appellant advanced various sums of money to Vee Littleton for the purpose of effecting improvements which the chancellor either overlooked or ignored in stating the accounts between the parties. The testimony on this phase of the case is unusually voluminous. As may be expected in litigation between close kindred, the testimony on this question is in irreconcilable conflict. The parties to maintain their respective positions have related most trivial matters at great length and many charges and counter-charges were advanced and studiously maintained with great zeal; all of which in the last analysis is without value save to extol the contempt and hatred entertained by the one against the other. It suffices to say that the findings of the chancellor on this issue do not appear to be against the clear preponderance of the testimony.

No error appearing, the judgment is affirmed.