## HIGHLAND SCHOOL DISTRICT *v.* TRAVENOL LABORATORIES, INC., et al.

86-305                                    726 S.W.2d 670

Supreme Court of Arkansas
Opinion delivered March 30, 1987

*Stewart Lambert*, Deputy Prosecuting Att'y, and *Harkey, Walmsley, Belew & Blankenship*, by: *Leroy Blankenship*, for appellant.

*Roy Danuser*, and *Smith, Smith & Duke*, by: *Griffin Smith*, for appellee.

DARRELL HICKMAN, Justice. The question presented in this appeal is whether taxes can be collected in a civil suit for fraud. The answer is no.

The Highland School District sued Travenol Laboratories, Inc., and Omnis Surgical, Inc., for fraud, alleging these corporations have for several years concealed their ownership of certain real property to evade property taxes. The present and former county assessors, county clerks, and tax collectors were also named as defendants. The suit asked for judgment in an amount equal to what the school district would have received if property taxes had been assessed and collected.

The corporations filed a motion to dismiss, saying Highland had no standing to file suit. Subsequently, a motion to intervene and a second complaint were filed, adding the prosecuting attorney, the county judge, and the present and former county officials as plaintiffs. The complaint made the same allegations, except punitive damages were also sought for fraud.

The trial court dismissed the suit and explained why in his findings of fact and conclusions of law:

> The issue of standing to sue does not, in this proceeding, depend on disputed facts. Quite simply, the corporate defendants argue that in the area of tax assessment, levy and collection, private causes of action do not exist. This

function is reserved to the particular government entity involved. The fact that an individual or entity, private or public, might eventually be the recipient of taxes paid by a particular individual or entity gives rise to no right of action on the part of the recipient. The court agrees.

\* \* \* \*

That the duty of pursuing delinquent taxpayers is an official rather than a private matter is made clear by *State v. Little*, 94 Ark. 217, 126 S.W. 613 (1910). Such matters as assessment of taxes are beyond the powers of the courts. *Cook* v. *Surplus Trading Co.*, 182 Ark. 420, 31 S.W.2d 521 (1930).

It is thus apparent that the complaint cannot be entertained in this court, as it attempts to do what the law forbids, permit direct action against an allegedly delinquent taxpayer, omitting entirely the statutory necessity for assessment, levy and collection. The fact that the prosecuting attorney has attempted to intervene does not change the situation. His right to proceed is unimpaired and represents an independent remedy, hence he has no interest that needs protection by intervention of right. ARCP 24; *Billabong Products, Inc.* v. *Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983).

In *State* v. *Little*, 94 Ark. 217, 126 S.W. 713 (1910), we said:

The Legislature having provided the agencies for the assessment of property for taxation and the manner of its exercise, the actions of such officers is conclusive on the state in the absence of a statute to the contrary; and the courts have no power to supervise and correct the assessments made by them.

The remedy, if one exists for these plaintiffs, is by way of the assessment and collection procedures set forth in statutes. Criminal charges are an alternative punitive action if a crime has been committed. A private common law action for fraud does not exist to collect taxes.

■ Appellees argue the appellant's abstract is deficient under Rule 9, Rules of Supreme Court, and we agree because the

findings of facts and conclusions of law were not adequately abstracted. The appellees supplemented the abstract and to compensate for their costs are awarded $100.00, Rule 9(e)(1), Rules of Supreme Court.

Affirmed.

PURTLE, J., not participating.