The Honorable Robert N. Jeffrey State Representative 181 Charlotte Ann Camden, Arkansas 71701-9542
Dear Representative Jeffrey:
I am writing in response to your request for an opinion on three questions concerning the homestead property tax credit authorized by Arkansas Constitution, Amendment 79, § 3 and A.C.A. § 26-26-1118. Specifically, you pose the following questions:
 1. If a property owner submits a registration for the property tax credit authorized by Ark. Code Annotated 26-26-1118 before the deadline for submission and the county assessor erroneously fails to credit the proper tax reduction, should the property tax credit be allowed after October 31 of the year after assessment in light of the language in Ark. Code Annotated 26-26-1118(c)(3)?
 2. Does the above provision supersede Ark. Code Annotated 26-35-901, which empowers the county court to remedy errors in assessment?
 3. If the credit should be allowed after October 31 of the year after assessment, what would be the proper procedure for applying the tax credit?
RESPONSE
In my opinion the answer to your first question is "no," the credit should not be allowed after October 31. The answer to your second question, under the facts you describe is "yes," a taxpayer may not receive a refund of the amount of the homestead credit after October 31 of the year after assessment. An answer to your third question is unnecessary in light of the conclusions above.
Amendment 79, § 3 of the Arkansas Constitution provides as follows:
 The General Assembly shall provide by law for an annual state credit against ad valorem property tax on a homestead in an amount of not less than three hundred dollars ($300). The credit shall not exceed the amount of ad valorem property taxes owed. The credit shall apply beginning for taxes due in calendar year 2001. This section shall be applied in a manner that would not impair a bond holder's interest in ad valorem debt service revenues.
Section 26-26-1118 of the Arkansas Code implements this annual tax credit in pertinent part as follows:
 (a)(1) Effective with the assessment year 2000 and thereafter, the amount of real property taxes assessed on the homestead of each property owner shall be reduced by three hundred dollars ($300), provided that no assessment shall be reduced to less than zero ($0.00).
* * *
 (3) The tax reduction adopted by this section shall be reflected on the tax bill sent to the property owner by the county collector.
* * *
 (c)(1) Each county assessor shall be responsible for identifying those parcels of real property that are used as a homestead residence prior to issuing tax bills.
 (2)(A) Each property owner shall register with the county assessor proof of eligibility for the property tax credit if the property owner intends to claim a property tax credit.
 (B)(i) The registration may be attached to the deed or other instrument conveying an interest in real property and filed with the circuit clerk, who shall remit the registration to the county assessor.
* * *
 (C) The property owner may submit a registration for property tax credit directly to the county assessor.
 (3) In no event shall the property tax credit authorized by subdivision (a)(1) of this section be allowed after October 31 of the year after the assessment.
Emphasis added.
Question 1 — If a property owner submits a registration for the propertytax credit authorized by Ark. Code Annotated 26-26-1118 before thedeadline for submission and the county assessor erroneously fails tocredit the proper tax reduction, should the property tax credit beallowed after October 31 of the year after assessment in light of thelanguage in Ark. Code Annotated 26-26-1118(c)(3)?
It is my opinion that the answer to this question is "no." In my opinion, subsection (c) of A.C.A. § 26-26-1118 sets a deadline for the assessor to award the credit. If the assessor erroneously fails to award the credit, the taxpayer has only until October 31 to have the error corrected.
The language of the applicable subsection provides that "In no event shall the property tax credit authorized by subdivision (a)(1) of this section be allowed after October 31 of the year after the assessment." A.C.A. § 26-26-1118(c)(3). (Emphasis added). This deadline occurs after the date for payment of the taxes. Ad valorem property taxes are assessed in the applicable tax year and the taxes for that tax year are due by October 10 of the following year. See A.C.A. § 26-35-501(a)(1) (Supp. 2003). Thus, the applicable statute provides that the homestead credit shall not "be allowed" after October 31 of the year after the assessment (twenty one days after the due date for the payment of taxes). In my opinion the taxpayer has until this date (October 31), to have corrected any incorrect failure of the assessor to award the property tax credit. If the taxpayer has not done so prior to this deadline he is thereafter barred from doing so.
As originally adopted by Acts 1 and 2 of the Extraordinary Session of 2000, the statute above (A.C.A. § 26-26-1118), only included the first sentence of subsection (c) (now designated as subsection (c)(1)), making it the county assessor's responsibility to identify those parcels of real property that are used as a homestead. The statute was amended in the regular session of 2001, however, by two similar acts (Acts 1544 and 1598), to add the balance of subsection (c), including subsection (c)(3), the subsection about which you inquire. The title of Act 1544 of 2001 was "An Act to Amend 26-26-310 To Require County Assessors to AmendClaims For Property Tax Credit by October 31; To Amend 26-26-1118 to Require Property Owners to Claim the Property Tax Credit and to Define "Property Owner"; To Provide for a Penalty For Multiple Credit Claims; To Define "Disabled Person"; and for Other Purposes." (Emphasis added). In my opinion this language of the title sheds light on the intention of A.C.A. § 26-26-1118(c). Although the title of an act is no part of a law, it may be used to construe the language thereof where an ambiguity exists. Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538 (1995). The language of this title suggests, in my opinion, that the assessor is barred from the amendment of claims for the property tax credit after the deadline. In my opinion this would include the correction of errors in the awarding of the credit.
This conclusion is reinforced by the language of another statute, A.C.A. § 26-26-310 (a statute also amended by Act 1544 of 2001, the title of which is set out above). Section 26-26-310 addresses the duty of the county collector to certify to the Chief Fiscal Officer the amount of property tax reduction arising in the county by virtue of the credit so that the Chief Fiscal Officer can reimburse the county its proportionate share from the "Property Tax Relief Trust Fund." This fund is created at A.C.A. § 19-5-1103 and consists of revenues arising from a specially levied gross receipts tax intended to compensate counties for the revenue lost on account of the homestead property tax credit. See A.C.A. §§26-52-302(c) and 26-53-107(c). The statute requires the county collector to certify the amount lost by virtue of the credit by March 31 of each year, but also provides in subsection (c) as follows:
 (c)(1) Beginning in 2001, on or before June 30 and November 15 of each year, the county collector of each county shall recertify to the Chief Fiscal Officer of the State the amount of the real property tax reduction provided in A.C.A. § 26-26-1118.
 (2) The recertification shall reflect the most current total or tax reductions based on corrections and amendments to the records of the assessor.
A.C.A. § 26-26-310(c).
This subsection, particularly subsection (c)(2), reflects an awareness that corrections will be made by the assessor over the course of the year following the assessment to the amount comprising the total claims for the homestead credit. The final certification, however, is to occur on November 15. This is the final amount used by the Chief Fiscal Officer to determine the county's proportional share of reimbursement from the Property Tax Relief Trust Fund. It is my understanding that the October 31 deadline was set in order to give the counties adequate time to finalize the last certification numbers by November 15. If additional claims for the homestead credit were authorized after the October 31 deadline or after the November 15 deadline, it would either be difficult or impossible, respectively, to adjust the amount certified by the county to the Chief Fiscal Officer and the county might be left without reimbursement by the state for the amount of any late credits awarded. In my opinion, therefore, A.C.A. § 26-26-1118(c) sets a deadline for the assessor to make changes in the awarding of homestead tax credits. As a consequence, it also sets a deadline for a taxpayer to object to an erroneous failure to award the credit. The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the General Assembly. Pugh v. St. Paul Fire Marine Ins. Co., 317 Ark. 304, 877 S.W.2d 577 (1994).
Question 2 — Does the above provision supersede Ark. Code Annotated26-35-901, which empowers the county court to remedy errors inassessment?
In my opinion the answer to this question, with respect to the homestead credit, is "yes." The statute you reference, A.C.A. § 26-35-901 is entitled "Taxes erroneously assessed and paid." It provides as follows:
 In case any person has paid taxes on any property, real or personal, erroneously assessed, as defined and described in § 26-28-111(c), upon satisfactory proof being adduced to the county court of fact, the court shall make an order directed to the county treasurer refunding to the person the amount of tax so erroneously assessed and paid. All erroneous assessment claims for property tax refunds shall be made within three (3) years from the date the taxes were paid. The general fund of the county shall be reimbursed by transfer to it from funds of the respective taxing units, and the amount contributed by each taxing unit shall be the amount of the erroneous payment received by the taxing unit.
This statute does not merely address the remedying of errors in the assessment records as you suggest, it addresses refunds of taxes already paid.
Section 26-35-901 also makes reference to another statute, however, A.C.A. § 26-28-111, which is entitled "Correction of Errors." It sets out a procedure and a form for the county assessor to follow when "after the tax books have been delivered to the collector, it is ascertained that there is an error in the real or personal property tax books. . . ." This section applies only to "actual and obvious errors on the tax books and related records, which such errors being restricted to extension errors, erroneous property descriptions, classifications, or listings, and shall be not utilized to make any change in the valuation of real . . . property." A.C.A. § 26-628-111(c). This statute allows county officials to remedy errors in assessment. Section 26-35-901, on the other hand, applies exclusively to refunds of taxes already paid.
Your reference to A.C.A. § 26-35-901 regarding refunds, suggests that you are inquiring about a property owner who properly submitted a claim for the homestead credit before the deadline, which was not awarded, but who nonetheless paid the taxes on the property including the amount that otherwise would have been deducted by virtue of the homestead credit.
Your question in this regard is whether the statute discussed in response to Question 1, A.C.A. § 26-26-1118(c) ("In no event shall the . . . credit . . . be allowed after October 31 of the year after the assessment), "supersedes" the refund statute (26-35-901), such that a property owner cannot receive a refund after October 31 in the amount of the wrongly assessed credit. In my opinion under the facts you have described, the answer to this question is "yes." Section 26-26-1118(c) as outlined above, sets an absolute drop dead date for the awarding of the homestead credit. After this date the credit shall not "be allowed." This provision of law is more specific as to the deadline to receive the homestead property tax credit than is A.C.A. § 26-35-901, which applies to tax refunds generally.[1] See e.g., Raley v. Wagner, 346 Ark. 234,57 S.W.3d 683 (2001) (if two acts address the same subject and one is more specific than the other, the more specific act should govern). To this extent, therefore, the answer to your second question is "yes."
Question 3 — If the credit should be allowed after October 31 ofthe year after assessment, what would be the proper procedure forapplying the tax credit?
An answer to this question is unnecessary in light of the responses above.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] A question might have arisen, in any event, as to whether a refund of taxes already paid is proper if the taxes were paid voluntarily. Seee.g., Weiss v. Chavers, 03-805 (Ark. 6-3-2004), 101 S.W.3d 211 (2004) citing Little Rock v. Cash, 277 Ark. 494, 644 S.W.2d 229 (1982), and Mertz v. Pappas, 320 Ark. 368, 896 S.W.2d 593 (1995). See also, as to the recovery of voluntary payments under the precursor to A.C.A. §26-35-901, Paschal v. Munsey, 168 Ark. 58, 268 S.W. 849 (1925); andChicago R.I. Pac. Railway Co. v. Brazil, 166 Ark. 246, 266 S.W. 66) (1924).